Wash, J.,
delivered the opinion of the Court.
This was an action of ejectment, commenced in the name of Louis Bizet, against Langham, the plaintiff in error. The writ was duly served at the return term. The plaintiff below, (Boisse,) who is defendant in error, asked and obtained leave to amend his declaration. The defendant below failed to appear, and judgment by default was taken against him. The only use which was made of the leave given to amend, was an endorsement on the hack of the declaration, in these words; “amended, by substituting the name of Boisse for Bizet, wherever it occurs ; Cozens, for plaintiff.” On this record, two questions are presented for consideration: First, could the plaintiff amend his sur-name? Second, did he avail himself of the leave given him to do so ? On the first, the law is with the defendant in error. Mistake, in either the Christian or sur-name of either the plaintiff or defendant, are to be taken advantage of by plea in abatement, and not by way of non-suit at the trial, as was formerly held: (see 1 Chitty, 441). The defendant, when served with process, as well as the plaintiff, is by law in Court, and it is as much his duty to know witls *408 whom he deals, and to whom he makes a promise, as it is the plaintiff’s to know his own name. It may be, and often is the case, that the plaintiff has several names, and is as well known by that in which he sues, as by that in which he is known to the defendant, and could answer the defendant’s plea by a replication of that fact. It would, therefore, be unreasonable to turn him out of Court, because lie.had not come, calling himself by, every name in which he might properly be known to the defendant,.whilst, perhaps, he only gives his true name, by which he wishes to be known to the world. It being a matter to be pleaded in abatement only, the amendment would have been proper under the British statute of amendment and jeofails ; and our own goes even farther than that omnipotent statute; and the Court committed no error in granting leave to amend 1he plaintiff’s name. Tie second question, however, must be answered in the negative. The amendment was not made; an amended declaration is, in contemplation of law, an entire new declaration^ and should be so in fact, unless the parties consent to the manner of making the amendment proposed. When the amendment is slight, (as in the present case,) and may be readily made, by the erasure or interlineation of a few words, without damage or confusion, a liberal practitioner will never put the party amending to the necessity of writing the pleadings anew, and the Court would, in such case, never interfere. But in this case, no consent of this kind appears, or can be presumed. It stands nakedly as a declaration, and writ in one name, and a judgment in another.
For that cause, the judgment is reversed, and remanded to the Circuit Court for further proceedings.