SAVAGE TIRE SALES CO., RESPONDENT, v. STUART ET AL., APPELLANTS.

(No. 4,949.)

(Submitted November 3, 1921. Decided December 12, 1921.)

[203 Pac. 364.]

*Attachment — Complaint — Insufficiency — Pledges — Book Accounts—Defective Affidavit—Amendments.*

Attachment—Discharge—Defective Complaint—Amendment Permissible.
1.  Where discharge of an attachment is sought on the ground that the complaint does not state a cause of action, the inquiry as to the sufficiency of the pleading is confined to the questions whether the action is upon a contract, express or implied, for the direct payment of money; whether it states facts sufficient to constitute a cause of action against the defendant, and, if not, whether it can be amended so as to state a cause of action, a mere defective statement of a cause of action not being a sufficient ground for the discharge of an attachment.

Same—Security—Transfer of Book Accounts—Pledge.
2.  An instrument whereby accounts were transferred from a debtor to a creditor with authority to collect them and apply the proceeds on the indebtedness to the extent of sixty-five per cent, thirty-five per cent being remitted to the debtor, constituted a "pledge" securing payment of the indebtedness, and therefore attachment did not lie on an affidavit stating that it had never been secured by any pledge, *etc.*

Same—Book Accounts—Pledge—Possession—Constructive Delivery.
3.  Constructive delivery of accounts by a debtor to a creditor for purpose of collection is sufficient to satisfy the rule that a pledge is dependent on possession of the thing pledged.

Same—Book Accounts—Pledge—What not Destructive of Validity.
4.  Where a debtor transferred accounts to a creditor as security with authority to collect them and apply the proceeds on the indebtedness, a reservation to the debtor of the right to make collections did not affect the validity of the pledge as between the parties.

Same—Erroneous Refusal to Dissolve—Remand With Permission to Amend Affidavit.
5.  Where, at a hearing to dissolve an attachment, it appeared that while the debt had been originally secured by a pledge of book accounts, a portion of the accounts had proved noncollectible and the security to that extent had therefore become valueless, and the attaching creditor was deprived of an opportunity to amend his affi-

---

3.  For authorities discussing the question of manner of pledging or assigning book accounts, see notes in 18 **Ann. Cas.** 446; 27 **L. R. A.** (**n. s.**) 666.

davit because the trial court adopted his theory that the claim had not been secured and erroneously refused to discharge the writ, its order will be reversed and the cause remanded, with directions to discharge the attachment unless within a given number of days the creditor amend his affidavit to conform to the facts.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

Action by Savage Tire Sales Company against R. W. Stuart and another, doing business as Helena Motor Company. From an order denying a motion to vacate an attachment, defendants appeal. Remanded, with directions.

*Mr. Hugh R. Adair,* for Appellants, submitted a brief; *Mr. Ulysses A. Gribble,* of Counsel, argued the cause orally.

Book accounts are proper subjects of pledge, for the law is as stated in 21 R. C. L. 634: "All kinds of personal property in existence may be pledged. This has been held to include * * * debts, bills receivable and book accounts." The case of *Clark* v. *Wiss,* 34 Kan. 553, 9 Pac. 281, holds that a mere delivery of the books of accounts is sufficient to sustain an assignment thereof as against subsequent attaching creditors. (Also see *Preston Nat. Bank* v. *George T. Smith Middlings Purifier Co.,* 84 Mich. 364, 47 N. W. 502.)

An oral assignment of book accounts is valid. (*In re Macauley,* 158 Fed. 322; *Hurley* v. *Bendel,* 67 Minn. 41, 69 N. W. 477; *Chapman* v. *Plummer,* 36 Wis. 262; *Moore* v. *Lowrey,* 25 Iowa, 336, 95 Am. Dec. 790; *White* v. *Kilgore,* 77 Me. 571, 1 Atl. 739; *Wilt* v. *Huffman,* 46 W. Va. 473, 33 S. E. 279; *Doremus* v. *Williams,* 4 Hun (N. Y.), 458; *Spafford* v. *Page,* 15 Vt. 490; *Mason* v. *Chicago Title & T. Co.,* 77 Ill. App. 19.) An oral assignment of book accounts is valid even though it were taken only as collateral security. (*Moore* v. *Lowrey,* 25 Iowa, 336, 95 Am. Dec. 790; *White* v. *Kilgore,* 77 Me. 571, 1 Atl. 739; *In re Macauley,* 158 Fed. 322.)

*Mr. A. A. Grorud,* for Respondent, submitted a brief and argued the cause orally.

We insist that the plaintiff did not have any such security as is contemplated by the statute. The California statute with reference to attachments is almost identical with our statute, providing that no attachment can issue unless someone on behalf of the plaintiff make an affidavit "that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or if originally so secured, that such security has, without any act of plaintiff, or the person to whom the security was given, become valueless." The California court has construed this statute in a number of cases. In the case of *Porter* v. *Brooks,* 35 Cal. 199, such court said: "The policy of the law is, that a creditor, having security by way of 'mortgage, lien or pledge upon real or personal property,' shall not resort to summary process for attachment until he has exhausted his security. But it must be a lien of a fixed, determined character, capable of being enforced with certainty, and depending on no conditions." In later cases the court affirmed the above case. (*Bank of California* v. *Boyd,* 86 Cal. 386, 25 Pac. 20; *Slosson* v. *Glosser,* 5 Cal. Unrep. 460, 46 Pac. 276; *McPhee* v. *Townsend,* 139 Cal. 638, 73 Pac. 584. See, also, *Bowman* v. *Wade,* 54 Or. 347, 103 Pac. 72; 6 C. J., sec. 117; 1 Shinn on Attachments, sec. 24.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover upon an account stated. Plaintiff secured a writ of attachment, and property belonging to the defendants was seized. Thereafter defendants moved to discharge the attachment upon the grounds (1) that the complaint fails to state a cause of action, and (2) that plaintiff's claim was secured by a pledge of personal property. After a hearing, the motion was denied, and defendants appeal from the order.

[61 Mont. 524.]

1. With respect to the first ground of the motion, it is suffi-
[1]   cient to say: "The inquiry as to the sufficiency of the
complaint may not go further than to ascertain whether the
action is upon a contract, express or implied, for the direct
payment of money; whether it states facts sufficient to con-
stitute a cause of action against the defendants; and, if it does
not, whether it can be amended so as to state a cause of action.
(*Kohler* v. *Agassiz*, 99 Cal. 9, 33 Pac. 741; *Hale Bros.* v. *Milli-
ken*, 142 Cal. 134, 75 Pac. 653.) A mere defective statement
of a cause of action is not a sufficient ground for the discharge
of an attachment." (*Union Bank & Trust Co.* v. *Himmelbauer*,
56 Mont. 82, 181 Pac. 332.)

2. The record discloses the following facts: In December,
[2, 3]   1920, the parties hereto executed an instrument in
writing in which it was recited that defendants were indebted
to plaintiff; that defendants had open book accounts and were
desirous that the proceeds therefrom be appropriated in pay-
ment of the indebtedness to plaintiff. Then followed an
ordinary transfer of the accounts to plaintiff, with authority
to collect the same and apply the proceeds in payment of the
indebtedness. In the next paragraph it was agreed that Mrs.
B. Evangelisti should collect the accounts and remit sixty-five
per cent to plaintiff and thirty-five per cent to defendants.
The writing concludes as follows: "The authority to collect
by Mrs. B. Evangelisti shall not be construed to exclude either
Stuart Bros. or the Savage Tire Sales Company from collec-
tion or adjusting said accounts." The writing was filed for
record with the county clerk and recorder. A list of the ac-
counts was delivered to Mrs. Evangelisti, and, if the books
containing the accounts were not actually delivered to her,
she had access to them. She collected about $1,000 and
accounted for the money according to the terms of the agree-
ment, and in February of this year resigned her position. In
May the books were delivered to the Helena Adjustment Com-
pany, a collection agency, for the purpose of having further
collections made, if possible. The manager of the agency

pronounced the remaining accounts practically worthless and collected only about $50. In the meantime defendants had collected small amounts and accounted to plaintiff for sixty-five per cent thereof. From the language of the writing and the construction placed thereon by the parties as evidenced by their conduct, it is reasonably certain that it was the intention that the accounts should be considered a pledge as security for the payment of the indebtedness to the extent of sixty-five per cent of the accounts.

It is true that the lien of a pledge depends upon possession (sec. 5776, Rev. Codes), and that property of this character is not capable of manual delivery; but the authorities generally recognize a species of constructive delivery sufficient to satisfy the rule (*Bank* v. *Bank,* 226 Pa. 483, 134 Am. St. Rep. 1071, 18 Ann. Cas. 444, and note, 27 L. R. A. (n. s.) 666, 75 Atl. 683), and this doctrine apparently has the approval of our statute (sec. 5794, Rev. Codes).

It is the contention of the plaintiff that the transaction did [4] not constitute the accounts any security because the defendants reserved the right to make collection. It may be conceded, for the purpose of this appeal, that the transaction was void, as against the claims of third parties; but as no such claims are involved, it is not necessary to consider that phase of the subject. In principle, the transaction does not differ from that involved where a chattel mortgage is given upon a stock of merchandise and the mortgagor is permitted to remain in possession and sell the goods in the ordinary course of trade and account to the mortgagee for the proceeds. Such a mortgage is not *per se* void as against the claim of third parties, and its validity as between the parties to it is beyond question. (*Noyes* v. *Ross,* 23 Mont. 425, 75 Am. St. Rep. 543, 47 L. R. A. 400, 59 Pac. 367.) Even a verbal mortgage of chattels is as binding between the parties as it would be if expressed in writing. (*Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 57 Pac. 452.)

It is our conclusion that plaintiff's claim was originally [5] secured and that the attachment cannot be sustained upon

the affidavit which recites that it "is not now, and never has been, secured by any mortgage, lien or pledge upon real or personal property." It is apparent from the evidence produced at the hearing that the security had been exhausted before this action was commenced, that is to say, all of the accounts collectible had been collected and what remained were not of any value. If these remaining accounts became valueless without any act of the plaintiff and the fact had been made to appear in the affidavit, the attachment should not be dissolved (*Barbieri* v. *Ramelli*, 84 Cal. 174, 24 Pac. 113), or, if upon this hearing, plaintiff had applied to the court for leave to amend the affidavit to conform to the proof, the application would have been granted practically as a matter of course (*Union Bank & Trust Co.* v. *Himmelbauer*, above). However, the trial court apparently adopted the theory that plaintiff's claim never had been secured and the opportunity to amend was not present. Under the circumstances, plaintiff ought not to be deprived of the benefit of the attachment if it chooses to make the proper amendment.

The cause is remanded to the district court, with directions to discharge the attachment unless within ten days from the date upon which the *remittitur* is filed in the office of the clerk of the district court plaintiff amends the affidavit to make the statement therein conform to the facts. Each party will pay his own costs of this appeal.

*Remanded with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

---

## ON MOTION FOR REHEARING.

(Decided January 16, 1922.)

PER CURIAM: The motion for rehearing is overruled. This court is not to be understood as having foreclosed inquiry as

to whether the security mentioned became valueless within the meaning of sections 6656 and 6657, Revised Codes. The question was not presented fully to the trial court.

If an amended affidavit is filed, the right of the defendants to move again to dissolve and to contest the allegations of the amended affidavit is preserved.

*Rehearing denied.*