PRICE ET AL., APPELLANTS, *v.* SKYLSTEAD, RECEIVER, RE-
SPONDENT.

(No. 5,364.)

(Submitted January 8, 1924.  Decided January 29, 1924.)

[222 Pac. 1059.]

*Real Property—Removing Cloud from Title—Mortgage Fore-
closure— Judgment— Collateral  Attack— Jurisdiction— Pre-
sumptions— Pleadings— Amendments— Service— Promissory
Notes—Transfer  by  Assignment—Defenses  Available  as
Against Assignee.*

Real Property — Removing Cloud from Title — Service of Process — Com-
plaint—Negative Pregnant—Legal Conclusion.
    1.  The averment of the complaint in an action to remove a cloud
    from the title to real property that plaintiff as defendant in a fore-
    closure proceeding had not been served with process "as provided
    and required by the laws of the state" was a legal conclusion by the
    pleader, pregnant with the admission that he had been served but
    that there was some irregularity in the manner of service.
Judgment—Collateral Attack—What Constitutes.
    2.  Where a judgment is sought to be set aside in an independent
    action or proceeding, the attack is collateral.
Real Property—Removing Cloud—Judgment—Collateral Attack.
    3.  Where the purpose of an action to remove a cloud from real
    property was to have sheriff's deed issued in a foreclosure proceeding
    canceled of record on the ground that jurisdiction over the person
    of plaintiff (defendant in the foreclosure suit) had not been prop-
    erly acquired, the attack thus made upon the judgment in the fore-
    closure suit was collateral.
Same—Judgment—Collateral Attack—Jurisdiction—Presumptions.
    4.  Whenever the judgment of a domestic court of general jurisdic-
    tion acting within the ordinary scope of that jurisdiction is assailed
    collaterally, the presumption of jurisdiction over the person of the
    defendant is conclusive, unless upon the face of the judgment-roll a
    lack of jurisdiction appears affirmatively; hence where the judgment-
    roll in a foreclosure suit was not made a part of the complaint in
    which the judgment in foreclosure was collaterally attacked, the
    pleading failed to disclose want of jurisdiction over the defendant
    in that suit, and the presumption of jurisdiction was conclusive.
Pleadings—Amendments—Statutes.
    5.  Section 9186, Revised Codes of 1921, requiring service of amended
    pleadings upon the adverse party, applies only to amendments made
    as a matter of right, and not to amendments which can only be made
    by permission of the court.

───────────────────────────────

    1.  Negatives pregnant, see notes in **Ann. Cas.** 1917A, 668, 678, 681,
685.

Same—Formal Amendments—Service on Opposite Party not Required.
   6.  While as a general rule an amendment of the complaint made
   after default operates to open the default, provided it introduces a
   new cause of action or goes to the substance of the pleading, an
   amendment which goes no further than to substitute a new party
   plaintiff for the original one because of transfer of interest, is merely
   formal and has not that effect; it could be made only by leave of
   court and therefore defendant was not entitled to service of the com-
   plaint as thus amended.  (Par. 5 above.)

Mortgage Foreclosure — Promissory Notes — Assignment—Defenses Avail-
   able as Against Assignee.
   7.  Defendant in a mortgage foreclosure suit based on nonpayment
   of a promissory note which had been assigned by the payee to
   another and retransferred by the latter to the former after default
   had been entered was not prejudiced by an amendment of the com-
   plaint, after default, by substitution of the original payee for the
   assignee as party plaintiff, since any defense he may have had
   against the payee on the note whether negotiable in the first in-
   stance or non-negotiable, was equally available to him against the
   assignee, plaintiff in the foreclosure suit.

*Appeal from District Court, Liberty County; Charles A.
Rose, Judge.*

Action by Harvey D. Price and wife against O. G. Skyl-
stead, as receiver of the Farmers' State Bank of Havre.
From judgment of dismissal plaintiffs appeal. Affirmed.

*Messrs. Frank & Gaines,* for Appellants, submitted an
original and supplemental brief; *Mr. R. F. Gaines* argued the
cause orally.

At the time when the appellants first learned of the de-
fects and irregularities of procedure in the action brought
against them the time within which they could secure relief
in that action had long since expired.  (Sec. 9187, Rev. Codes
1921.)  However, they were not thereby deprived of the
right to have a court of equity relieve the situation if the
facts warranted.  This particular form of action is author-
ized by section 8733, and has received the consideration of this
court in a number of instances.  (*Hammond-Dodson Co.* v.
*Slattery* (Mont.), 216 Pac. 323; *Poulos* v. *Lyman Bros. Co.,*
63 Mont. 561, 208 Pac. 598.)  In the latter case, after con-
sidering prior decisions, the court said: "It must now be
deemed settled that, in order to state a cause of action for the

removal of a cloud, the complaint must state facts sufficient to disclose the apparent validity of the instrument attacked and its actual invalidity.''

According to the complaint here, the sheriff's certificate of sale and the sheriff's deed are regular in form; neither requires the production of the judgment-roll in the action against appellants to permit of its use in evidence; and the invalidity of the proceedings, as the result of which these instruments were executed, is also alleged. Appellants' ownership of the property and right to possession is alleged, yet the records show another to be the owner of and entitled to the possession of the property. The prompt pursuit by appellants of their equitable remedy is alleged. This is sufficient under the Montana decisions. (*Brundy* v. *Canby,* 50 Mont. 454, 148 Pac. 315; *Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717.)

It was argued in the court below that the action would not lie because it presented the instance of a collateral attack upon a judgment; but, we submit, under the doctrine of *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064, and *Sharkey* v. *City of Butte,* 52 Mont. 16, 155 Pac. 266, that this objection is not well taken.

It is elementary that, if appellants were not served with process in the former action and did not appear therein (failure to appear being the basis of the default), the court was without jurisdiction to render the judgment. But, even had appellants been served with process in said action, we contend, under the Montana decisions, that the court is without jurisdiction to render judgment in favor of respondent.

The law, as declared in this state in the case of *Ben Kress Nursery Co.* v. *Oregon Nursery Co.,* 45 Mont. 494, 124 Pac. 475, is to the effect that a judgment founded upon an amended complaint which has not been served upon the defendant is absolutely void. The law is further there declared that, if the original complaint be served upon the defendant and an amended complaint be filed thereafter, the amended complaint at once

supersedes the original and completely wipes it out of the case as a pleading upon which a judgment can be based. In paragraph 8 of the complaint in this action it is charged that, after the default of appellants had been entered in the former suit, "Such proceedings were had therein as that the complaint in said cause was amended," so that the original plaintiff went out of the case and the respondent herein was brought into the case; and that, upon the complaint as so amended, judgment was rendered in favor of the second plaintiff. In the case of *Hansen* v. *Goodrich,* 56 Mont. 140, the court, at page 142 (181 Pac. 739), stated: "The effect of filing the first amended complaint was to set aside the default which was entered on July 8." And so in his case we contend that when the amended complaint was filed, *i. e.,* when the amendment was made by counsel for the plaintiff, the default which had theretofore been entered was automatically set aside.

*Messrs. Norris, Hurd, Rhoades & Hauge,* for Respondent, submitted a brief; *Mr. H. C. Hall,* of Counsel, argued the case orally.

A judgment or decree cannot be impeached collaterally on account of an alleged misjoinder or nonjoinder of parties, or a misnomer, or for objections to an amendment adding new parties. (23 Cyc. 1092, 1093.) It is only where an attempted service is so irregular as to amount to no service at all that there can be said to be want of jurisdiction. In any other case there may be error in the subsequent proceedings, but they will be sustained against a collateral attack. (*Burke* v. *Inter-State S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879.) In other words, before the judgment may be successfully attacked in a collateral proceeding, want of jurisdiction must appear upon the face of the judgment-roll. (*Kavanagh* v. *Hamilton,* 53 Colo. 157, Ann. Cas. 1914B, 76, 125 Pac. 512; *Welch* v. *Focht,* 67 Okl. 275, 171 Pac. 730; 15 R. C. L., p. 354; 3 Jones' Commentaries on Law of Evidence, p. 877; *Sodini* v. *Sodini,* 94 Minn. 301, 110 Am. St. Rep. 371,

102 N. W. 861; *Kalb* v. *German Sav. etc. Soc.*, 25 Wash. 349, 87 Am. St. Rep. 757, 65 Pac. 559; *Burke* v. *Inter-State S. & L. Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Gullickson* v. *Bodkin*, 78 Minn. 33, 79 Am. St. Rep. 352, 80 N. W. 783; *McDougal* v. *Rice*, 79 Okl. 303, 193 Pac. 415.) "Where there are no proper averments attacking the record, although its validity is drawn in the issue of the case, the attack is collateral. (*Walker* v. *Goldsmith*, 14 Or. 125, 12 Pac. 537, 553"; *McKinney* v. *Adams*, 95 Miss. 832, 50 South. 474.) Even assuming the attack to be a direct attack, appellants are still without remedy in this action, since the only apparent deficiency in the record is as regards the substitution of parties plaintiff. (See *Brown* v. *Trent*, 36 Okl. 239, 128 Pac. 895; Adams on Equity, p. 417; *Guerry* v. *Perryman*, 12 Ga. 14.)

Where a third person, during the pendency of an action, succeeds to the rights of the plaintiff, the court has power to substitute such person as plaintiff in the action, and notice of the substitution need not be given to a defendant where default has been entered for failure to appear. (*Farrell* v. *Jones*, 63 Cal. 195; *Kittle* v. *Bellegarde*, 86 Cal. 556, 25 Pac. 55; *Nezik* v. *Cole*, 43 Cal. App. 130, 184 Pac. 523; *Taylor* v. *Western Pac. R. Co.*, 45 Cal. 337; 20 Ency. Pl. & Pr. 1055.)

A default has practically the same effect as a verdict. Until set aside, it is a final determination of the matters set up in the declaration. (*State* v. *District Court*, 37 Mont. 298, 96 Pac. 337; *State* v. *District Court*, 46 Mont. 348, 128 Pac. 582.) By the entry of the default in the case appellants' rights were concluded. Thereafter they were not entitled to notice of any further proceedings taken. In the absence of a general appearance a party is not entitled to notice of proceedings subsequent to service of summons. (*Barrick* v. *Porter*, 56 Mont. 247, 184 Pac. 217.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to remove a cloud from the title to real property.

Aside from mere formal allegations, the complaint charges that plaintiff Harvey D. Price was at all times mentioned the owner, in possession and entitled to the possession of certain lands (particularly described) situated in Liberty county; that prior to June 9, 1920, plaintiffs executed and delivered to the Farmers' State Bank of Havre a mortgage upon the lands mentioned, which mortgage was duly recorded; that prior to the maturity of the debt secured by the mortgage the Havre bank sold, assigned, transferred and conveyed the mortgage and debt to the Fidelity National Bank of Spokane; that after the maturity of the debt the Spokane bank commenced an action in the district court of Liberty county to foreclose the mortgage; that such proceedings were taken therein that on September 22, 1920, the court rendered and had entered a judgment of foreclosure, under which the lands were sold, and a sheriff's certificate of sale was issued and recorded; that after the expiration of the period of redemption the sheriff executed and delivered to the purchaser a deed, which was also duly recorded. After the entry of judgment and before the sale O. G. Skylstead, became receiver of the Havre bank, and in that capacity purchased the lands at the sheriff's sale.

It is alleged further that, although the certificate as well as the deed is regular on its face, each instrument is in fact void, and the invalidity is predicated upon the following allegations: (1) That in the foreclosure suit the defendants therein (plaintiffs herein) "were in fact never served with process in said action as provided and required by the laws of the state of Montana"; that they did not appear in the action, but, notwithstanding, their default was entered; (2) that after their default had been entered, without notice to either of them, the complaint was amended by substituting the name of the Havre bank for the Spokane bank as party plaintiff upon a showing that the mortgage and debt had been retransferred by the Spokane bank to the Havre bank; that the judgment was entered in favor of the Havre bank; and that the complaint as

so amended was never served upon either of the defendants therein (plaintiffs herein).

A general demurrer to the complaint was sustained, and plaintiffs, electing not to plead further, suffered a judgment of dismissal to be entered against them, and appealed therefrom.

1. It is insisted that the court did not acquire jurisdiction [1] of the defendants in the foreclosure suit, but the pleading fails to disclose the fact, if it be a fact. The statement that defendants were not served with process as provided and required by the laws of the state of Montana is only the bare, legal conclusion of the pleader. It is pregnant with the admission that they were served, and at most indicates that there was some irregularity in the manner of service. In the sentence above the word "as" means "in the manner."

The district court of Liberty county is a court of general jurisdiction, hence it had jurisdiction of the subject matter— the foreclosure of a mortgage upon lands situated in that county—and likewise it had authority to render a judgment of foreclosure.

We think there cannot be any serious controversy over the [2, 3] proposition that the present action is a collateral attack upon the judgment in the foreclosure suit. In *Burke* v. *Inter-State S. & L. Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879, this court said: "By 'collateral attack,' as the expression is used in this opinion, is meant every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*"

In *Jenkins* v. *Carroll*, 42 Mont. 302, 112 Pac. 1064, that definition was amplified somewhat, and the text from 23 Cyc. 1062, was quoted with approval as follows: "If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it.  *  *  * On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result,

although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.''

Tested by that rule, the attack here made upon the judgment in the foreclosure action is collateral. No relief is sought against the judgment itself. The purpose of the action is to have the sheriff's certificate and deed canceled of record and thereby remove the cloud from the title to the lands.

The rule is well settled in this state that, whenever the [4] judgment of a domestic court of general jurisdiction acting within the ordinary scope of that jurisdiction is assailed collaterally, the presumption of jurisdiction over the person of the defendant is conclusive, unless upon the face of the judgment-roll a lack of jurisdiction appears affirmatively. (*Haupt* v. *Simington,* 27 Mont. 480, 71 Pac. 672; *Henderson* v. *Daniels,* 62 Mont. 363, 205 Pac. 964.)

The judgment-roll in the foreclosure suit is not made a part of the complaint in this action, neither is there any reference to it; hence the complaint fails to disclose a want of jurisdiction over the defendants in that suit.

In passing we may observe that, if plaintiffs' contention that this is a direct attack upon the judgment in the foreclosure suit were granted, the complaint would still be insufficient under the rule laid down in *Burke* v. *Inter-State S. & L. Assn.,* above.

2. The other contention made is that the court was without [5] jurisdiction to render judgment against the defendants in the foreclosure proceeding, because the complaint in that action, as amended, was not served upon either of the defendants; and because the effect of the amendment was to set aside the default which had been entered, and *Ben Kress Nursery Co.* v. *Oregon Nursery Co.,* 45 Mont. 494, 124 Pac. 475, is cited in support of that position. But counsel fail to distinguish between amendments made before appearance or before the time for appearance has expired, and amendments made after the defendant is in default; and also fail to distinguish be-

[69 Mont. 453.]

tween material amendments and immaterial or merely formal amendments. In the *Nursery Case* above the complaint was amended before the defendant had appeared and before the time for its appearance had expired. Plaintiff therein invoked the provisions of section 9186, Revised Codes, and was required to serve the complaint as amended because the statute so provides. But that statute applies only to amendments made as a matter of right, and has no application to amendments which require permission of the court to make. (*Holter Hardware Co.* v. *Ontario Mining Co.*, 24 Mont. 184, 61 Pac. 3; *Meredith* v. *Roman*, 49 Mont. 204, 141 Pac. 643.)

Conceding, for the purposes of this appeal only, that the substitution of one party for another as plaintiff is an amendment of the complaint within the meaning of section 9187, [6] Revised Codes of 1921, such amendment can be made only by leave of court. It is the general rule that an amendment of the complaint made after default operates to open the default, provided it introduces a new cause of action or goes to the substance of the pleading (*Witter* v. *Bachman*, 117 Cal. 318, 49 Pac. 202; 23 Cyc. 741), otherwise it does not (*Boisse* v. *Langham*, 1 Mo. 572; *Ellis* v. *Mabry*, 25 Tex. Civ. App. 164, 60 S. W. 571; *Southern Bell Tel. & Tel. Co.* v. *Parker*, 119 Ga. 721, 47 S. E. 194; 23 Cyc. 741). The amendment now under consideration, if such it may be called, was merely formal, and the act of making it an entirely idle and useless one.

Section 9086 provides: "In case of any transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." The second alternative was chosen in the foreclosure suit, but that action might have continued to judgment in the name of the Spokane bank as plaintiff, notwithstanding it had transferred its interest to the Havre bank pending litigation. (*Anglo-Californian Bank* v. *Field*, 146 Cal. 644, 80 Pac. 1080.)

It is suggested that defendants in the foreclosure suit may have had a good defense against the Havre bank, but no

[7] defense whatever against the Spokane bank. Nothing of the kind appears in the complaint herein. The argument can be predicated only upon the assumption that the mortgage debt was represented by a promissory note, and that the Spokane bank was the holder thereof in due course, for section 9068, Revised Codes of 1921, provides that the assignment of a thing in action is without prejudice to any set-off or other defense existing at the time of or before notice of the assignment. But, if we assume that the debt was represented by a promissory note, there is not anything to disclose that it was negotiable, and, even if it were negotiable in the first instance, the allegations of this complaint disclose that it lost its negotiable character when it was sold, assigned, transferred and conveyed to the Spokane bank (*First Nat. Bank of New Castle* v. *Grow,* 57 Mont. 376, 188 Pac. 907), so that, if the note were nonnegotiable, or if negotiable and it was transferred to the Spokane bank by assignment, the defendants in the foreclosure suit could have interposed any defense against the Spokane bank which they or either of them had against the Havre bank.

It is argued further that in *Vassau* v. *Northern Pacific Ry. Co., ante,* p. 305, 221 Pac. 1069, this court in effect held that the substitution of one party for another as defendant constitutes the commencement of a new action, but counsel are in error. What the court did decide in that case was that, where the complaint as originally filed did not state a cause of action, and it was necessary to substitute a new party defendant in the place of the one originally designated as such, in order that a cause of action be stated, so far as the new party defendant was concerned the action against him commenced when the substitution was made. The decision in that case has no application to the facts before us in this one.

The complaint fails to state a cause of action for equitable relief and the demurrer was properly sustained. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.