HETRICK, RESPONDENT, v. RENWALD, APPELLANT.

(No. 5,688.)

(Submitted April 25, 1925. Decided May 18, 1925.)

[236 Pac. 1089.]

*Attachment—Affidavit Amendable—Order Permitting Amendment not Appealable.*

Attachment—Affidavit—Amendment Permissible.
1.  Where the affidavit for a writ of attachment originally recited that the debt sued on had not been secured, the court properly permitted the affiant to amend to the effect that while the debt had originally been secured, the security had become valueless without any fault of his, and refusal to dissolve the attachment was proper.

Same—Order Permitting Amendment of Affidavit not Appealable.
2.  An order permitting amendment of an affidavit for writ of attachment is not appealable. (Sec. 9731, Rev. Codes 1921.)

---

Appeal and Error, 3 **C. J.**, sec. 388, p. 549, n. 14.
Attachment, 6 **C. J.**, sec. 261, p. 157, n. 63.

*Appeal from District Court, Roosevelt County; C. E. Comer, Judge.*

---

1.  See 2 **R. C. L.** 836.

ACTION by R. L. Hetrick against E. J. Renwald. From or-
der denying defendant's motion to dissolve attachment he
appeals. Affirmed.

*Mr. Paul Babcock*, for Appellant, submitted a brief and
argued the cause orally.

*Mr. Grant Bakewell*, for Respondent, submitted a brief
and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted to recover the sum of $810.25,
with interest at the rate of ten per cent per annum on a
promissory note, dated June 10, 1920, due October 1 following.
At the time the suit was commenced, November 22, 1920, a
[1] writ of attachment was issued therein by virtue of which
certain real estate located in the town of Froid, belonging
to the defendant, was attached. Summons was not served
upon the defendant until February 8, 1924; it appearing that
from the commencement of the action until such service of
the summons negotiations were in progress for a settlement
between the parties. The affidavit for a writ of attachment,
filed at the time the action was begun, and upon which the writ
was issued, recites: "No part of the principal or interest has
been paid, and that the payment of the same has not been
secured by any mortgage or lien upon real or personal prop-
erty or any pledge of personal property." After the service
of summons, on April 6, 1924, the defendant served and filed
a motion to vacate the writ of attachment, supported by his
affidavit, wherein it is stated that the note in suit was secured
by a chattel mortgage upon a certain crop of grain at the time
the action was begun. Subsequently, on August 23, 1924,
plaintiff moved the court in writing for leave to file an
amended affidavit for the writ of attachment in the action, and
accompanied his motion with such proposed amended affidavit,
wherein it is admitted that the note was originally secured,

but alleged that prior to the commencement of the action the amount received on account of the security had been credited upon account of the indebtedness represented by the note, that the mortgage security had become valueless, and that the amount remaining due and unpaid, after allowance of all credits and counterclaims, is the sum of $730.80, besides interest from the twelfth day of September, 1920. Other affidavits were filed in support and in opposition to the motion to dissolve the writ, and a hearing was held by the court upon the motions, at which testimony was introduced by both plaintiff and defendant. The motion to dissolve the attachment was denied, and the plaintiff permitted to amend the affidavit for the writ. The appeal is from the order of the court denying the defendant's motion to dissolve the writ of attachment.

The only question presented is whether the court erred in making the order. A conveyance made by the defendant to his wife of the real estate attached, subsequent to the levy of the writ, occasions the importance of the order.

The statute provides that "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect." (Sec. 9187, Rev. Codes 1921.) And express authority is vested in the court to permit the plaintiff in an action to make amendment of the affidavit upon which a writ of attachment was issued. (*Id.* 9284.) Under these statutory provisions this court has so repeatedly held that an amendment of the affidavit may be permitted in furtherance of justice, that it is strange that the question should again be seriously urged upon this court. A reference to the numerous decisions is here unnecessary. Where the original mortgage security for the debt is shown by the affidavit for the writ of attachment to have become valueless without any fault of the mortgagee, an attachment is properly issued, and, upon the showing made

in this case, the court quite properly permitted the plaintiff to amend the original affidavit upon which the writ was issued so as to state the true facts. (*Savage Tire Sales Co.* v. *Stuart,* 61 Mont. 524, 203 Pac. 364; *Home State Bank of Manhattan* v. *Swartz,* 72 Mont. 425, 234 Pac. 281; *Jenkins* v. *First National Bank, ante,* p. 110, 236 Pac. 1085.)

Attempt was made by the defendant to appeal also from the order of the court permitting amendment of the affidavit [2] for the attachment. We have disregarded this, however, as being without importance, since such order is not appealable under the statute. (Sec. 9731, Rev. Codes 1921.)

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.