OSBORNE, APPELLANT, *v.* McDONALD, RESPONDENT.

(No. 6,825.)

(Submitted November 4, 1931.  Decided November 25, 1931.)

[5 Pac. (2d) 568.]

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Respondent, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was tried to the court sitting without a jury on an agreed statement of facts, resulting in judgment in favor of defendant, from which plaintiff appealed.

The agreed facts, so far as necessary to a determination of the merits of the appeal, are that on February 10, 1921, J. N. Osborne recovered a judgment against Emil Kramer for $259.40, on which execution was issued March 2, 1927, and levied upon a judgment rendered on that day, in the same court, in favor of Kramer in the sum of $543.84 in an action by Kramer against Benjamin McDonald; that thereafter, and in September, 1927, the judgment in the case of *Kramer* v. *McDonald* was compromised by the payment of $450 by McDonald to the attorneys for Kramer; that on May 14, 1926, Kramer executed the following assignment duly acknowledged before a notary public:

"Known to all men by these presents: That the undersigned, Emil Kramer, of Lewistown, Montana, for and in consideration of Three Hundred and no/100 Dollars ($300.00) lawful United States money, to him in hand paid, hereby assigns, transfers, and sets over all his right, title and interest in a certain claim against Benjamin McDonald, now being handled by Attorneys Belden & DeKalb, for the said Emil Kramer, and on settlement to be paid to Henry Skaug, Cashier

of the Central Bank & Trust Company, Lewistown, Montana, after reasonable attorney's fees have been paid to the said firm of Belden & DeKalb.

"[Signed] EMIL KRAMER."

That of the $450 paid by McDonald to Kramer's attorneys, $250 was retained by them as their fee, and the balance was paid to the assignee named in the assignment. The assignment was not filed of record until March 12, 1927. McDonald had no notice of the assignment until after judgment was entered against him in the case of *Kramer* v. *McDonald,* but had notice thereof before compromising the action.

Skaug, though knowing of the pendency of the action of *Kramer* v. *McDonald,* made no effort to be substituted as party plaintiff therein; Osborne, at the time of causing the writ of execution to be levied on the judgment in *Kramer* v. *McDonald,* had no notice or knowledge of the assignment.

The determinative question is: Are the rights of the assignee superior to those of plaintiff by virtue of the levy of the writ of execution? If so, defendant was justified in compromising the judgment as he did and paying the money to Belden & DeKalb pursuant to the assignment; otherwise not.

"The general rule supported by the weight of authority is that notice to the debtor prior to the service of process on him as garnishee is not essential to complete the assignment of a chose in action, as regards priority between the assignee and a creditor of the assignor who subsequently attempts to garnishee the debt, but that the assignee may be entitled to priority notwithstanding, at the time of the garnishment, the debtor had no notice of the assignment." (Note in 52 A. L. R., p. 110.) This is the rule in this state. (*Oppenheimer* v. *First Nat. Bank,* 20 Mont. 192, 50 Pac. 419.) The reason for the rule is that the attaching creditor acquires only such title as the debtor possessed at the date of the service of the writ. And if prior to that time he had made an assignment of his interest in the subject matter, he obviously had no interest therein at the time of the levy. But plaintiff contends that the assignment of the claim did not carry with it the judg-

ment thereafter procured on the claim. This contention cannot be sustained. The assignment of a debt carries with it all rights that are incidental to it. (3 Cal. Jur. 279.) The judgment is a step taken for the purpose of enforcing the claim by merging the claim into the form of a judgment. The assignment of the claim operated as an assignment of the means of enforcing it and carried with it the judgment.

And as between these parties it is of no consequence that the ▇ judgment was obtained by Kramer after assigning the claim, without the intervention of the assignee as a party to the action. To be sure, under our statute every action must be prosecuted in the name of the real party in interest. (Sec. 9067, Rev. Codes 1921.) But there being no question of fraud involved, it is unimportant, in so far as subsequently attaching creditors of the assignor are concerned, whether the action was maintained by the assignor or assignee. The record does not disclose definitely when the action of *Kramer* v. *Mc-Donald* was commenced, but from the face of the assignment it would seem that the action was probably pending when the assignment was made. Under such circumstances it has been held, by force of section 9086, Revised Codes 1921, that the action may be continued in the name of the original plaintiff. (*Price* v. *Skylstead,* 69 Mont. 453, 222 Pac. 1059.)

Here the real party in interest received the proceeds from ▇ the judgment in accordance with the assignment, and it is to be presumed that he consented to the maintenance of the action by the assignor, Kramer, and this would protect McDonald from double liability (47 C. J. 188), which is one of the purposes to be subserved by the requirement that the real party in interest maintain the action. Another purpose of this requirement is to enable the defendant to avail himself of a counterclaim or set-off against the real party in interest, but that also is a right which inured to the defendant and cannot be availed of by attaching creditors of the nominal plaintiff.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.