STREETBECK, Appellant, *v.* BENSON et al., Respondents.

(No. 7,793.)

(Submitted June 3, 1938.   Decided June 28, 1938.)

[80 Pac. (2d) 861.]

*Mr. Paul T. Keller,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Toomey, McFarland & Chapman,* for Respondents, submitted a brief; *Mr. John W. Chapman* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The complaint in this matter sets up nineteen different causes of action, alleging various amounts due from the defendants to the plaintiff as trustee. One cause of action is on a promissory note signed by the defendant Norman Benson, the others are on open accounts.

Plaintiff is alleged to be the trustee of some eleven different persons, co-partnerships and corporations, resident in Kalispell and Helena, Montana, Bonners Ferry, Idaho, and Omaha, Nebraska. The owner of the note and the owners of the several accounts sued upon appear to have appointed the plaintiff trustee for the purpose of collecting such note and accounts.

Each cause of action pleaded alleges, in substance, that the particular account and the note made the subject of the action, was ''transferred, gave and set over to the plaintiff as trustee by an instrument in writing to collect, sue for, enforce and satisfy said claim on behalf of the'' assignor owning the account; that plaintiff accepted said trust ''and brings this action as such trustee for and on behalf of the beneficiary of this trust.''

It is alleged that a trust agreement, in substance such as this, was signed by each of the parties owning the claims against the defendants. Defendants interposed a special demurrer; first,

raising the question of plaintiff's capacity to bring the action on the ground that he is merely assignee of the real parties in interest; second, that there is a defect of parties plaintiff, in that it appears in each cause of action that the alleged creditor of the defendants is a real party in interest entitled to the proceeds of any amount collected, and none of such creditors appears as a party plaintiff in the suit; third, that it appears on the face of the complaint that causes of action have been improperly united; that the several creditors have separate causes of action; that such creditors are not united in interest, and that each must institute a separate action.

A general demurrer was then interposed as against the complaint as a whole, which with the special demurrer was overruled. Thereafter defendants filed their separate answers. The answer of the defendant Lillian Benson is a general denial of each separate cause of action, and as a further defense it is alleged that plaintiff operates a collection agency, solicits delinquent accounts, receives the assignment thereof, and attempts by various means and methods to collect the same; that prior to January 9, 1937, plaintiff began an action against the defendants, a copy of the complaint in which is made Exhibit "A" to the answer of this defendant, and in which complaint the action was instituted in the name of the plaintiff, but in setting out each cause of action plaintiff alleged that at various times the several accounts were assigned to him; that thereafter and before either of the defendants filed any answer to such complaint, the plaintiff filed and served an amended complaint attempting to sue as the trustee of an express trust, alleging that each of the claims had been conveyed to him in trust as heretofore indicated; that it appears upon the face of the trust agreements which were made Exhibits "B" and "C" to defendants' answer to the respective claims against the defendant were transferred to the plaintiff purely for the purpose of collection, and in each of such agreements the original creditor and owner of the claim agreed with the plaintiff that only a portion of the proceeds of any collection made should be remitted to the owner, and the plaintiff should retain as a commission or fee such portion of

the amount collected as was agreed upon; that the trust agreement is no more than an assignment for collection which, in effect, constitutes a subterfuge and an attempt on the part of the plaintiff to evade the provisions of section 9067, Revised Codes; that each of said trusts attempted to be established is contrary to public policy and therefore invalid, being in derogation of the provisions of section 7883, Revised Codes, and that plaintiff is not the real party in interest in any of the accounts and not entitled to sue thereon. The separate answer of defendant Norman Benson is in substance of like tenor.

Demurrers to the affirmative matter contained in the answers of both defendants were overruled. Thereupon the plaintiff elected to stand upon the issues of law raised by his demurrer to the answer of the defendant Norman Benson, and declined to plead further. The motions of defendants for judgments on the pleadings were thereupon granted by the court and judgment was entered accordingly. The appeal is from the judgment in favor of the defendant Norman Benson only.

There is no subsantial difference between the action at bar and the case of *State ex rel. Freebourn* v. *Merchants' Credit Service, Inc.*, 104 Mont. 76, 66 Pac. (2d) 337, and we deem it unnecessary to again recount the reasons given in support of that opinion, or to take up assignments of error in detail.

Plaintiff in his statement of facts makes this admission: "Plaintiff was asked by several creditors to collect certain accounts from Norman Benson and Lillian Benson, his wife. The accounts were incurred by them jointly and severally. In the original instance the plaintiff took the assignments of the accounts in the usual manner, and upon these assignments commenced an action in his individual capacity. The defendants demurred, which demurrer was overruled. Shortly thereafter the decision in the case of *State ex rel. Freebourn* v. *Merchants' Credit Service, Inc.*, 104 Mont. 76, 66 Pac. (2d) 337, was rendered by this court. The plaintiff placed the situation before the creditors of the Bensons, and determined that they should make him [the plaintiff] trustee, and he thereupon amended his complaint as trustee."

114

This is an admission that the alleged trust agreements were ██ entered into for the purpose of evading the effect of the above decision of this court. Whether the plaintiff acquired the note and accounts by assignment or as trustee, the purpose and effect are the same. "The camouflage of a 'simulated transfer' cannot make the transferee the real party in interest." (*State ex rel. Freebourn* v. *Merchants' Credit Service, Inc.*, supra.)

Sections 8980 and 9067, Revised Codes, provide as follows:

"8980. An attorney and counselor must not, directly or indirectly, buy, or be in any manner interested in buying a bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing an action thereon.

"9067. Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

If these two sections of our statutes do not, by clear implica-██ tion, intend to discourage litigation and keep it within certain bounds in the interest of a sound public policy, and to be construed as expressing the public policy of the state in the premises, we can conceive of no purpose they serve. We think plaintiff's contentions as to his rights as an alleged trustee do violence to the reasonable construction of these statutory provisions and those relating to the creation of trusts.

Plaintiff quotes from 65 C. J. 235: "Except as to a purpose foreign to the public policy of the state, or within the meaning of a statutory prohibition, the policy of the law to permit a man to make whatever disposition of his property he sees fit allows him to create an active express trust for any lawful purpose he deems wise and expedient, * * * ." Following plaintiff's quotation in the same section of 65 C. J., numerous il-

lustrations are given of the trusts discussed in the section, and none are of the nature of that involved here, and a careful analysis of the entire text does not support his construction thereof. It will be noted that the quotation relied upon begins with, "Except as to a purpose foreign to the public policy of the state."

"The public policy of the state is declared by the Constitution and statutes, and, in the absence of declarations by either, then by the decisions of the courts." (*Spaulding* v. *Maillet,* 57 Mont. 318, 188 Pac. 377, 379; see, also, *Parchen* v. *Chessman,* 49 Mont. 326, 142 Pac. 631, 146 Pac. 469, Ann. Cas. 1916A, 681; *Cruse* v. *Fischl,* 55 Mont. 258, 175 Pac. 878; *State ex rel. Rankin* v. *Harrington,* 68 Mont. 1, 217 Pac. 681; *State ex rel. Rankin* v. *Madison State Bank,* 68 Mont. 342, 218 Pac. 652.)

Furthermore, "An express trust cannot be created to effect a purpose which is illegal," nor if the purpose be to avoid a statutory or common law rule if the purpose of the trust is contrary to public policy. (*Wichita County* v. *Tittle,* (Tex. Civ. App.) 27 S. W. (2d) 649; see, also, *Brown* v. *Peterson,* 27 Ariz. 418, 233 Pac. 895; *Bettinger* v. *Bridenbecker,* 63 Barb. (N. Y.) 395.)

The judgment is affirmed.

Associate Justices Stewart and Anderson concur.

Mr. Justice Angstman:

I dissent. I think the case of *State ex rel. Freebourn* v. *Merchants' Credit Service, Inc.,* 104 Mont. 76, 66 Pac. (2d) 337, is not controlling here. That was a contempt proceeding to punish the defendants for practicing law without a license. In this proceeding the debtor is attempting to defend the action against him on the ground that plaintiff is not the real party in interest, within the meaning of section 9067, Revised Codes. The purpose of that statute, so far as the debtor is concerned, is to assure him that he will not later be subjected to a second suit for the same cause. (*First State Bank* v. *Mussigbrod,* 83 Mont. 68, 271 Pac. 695.)

In the light of the written declaration of trust made by the original owner of the claim, it is not possible that the original owner can again sue defendant Benson, and there is no possibility of him being subjected to a second suit for the same cause. Hence, so far as defendant Benson is concerned, I think the declaration of trust protects him against a second suit.

As to the question of public policy I have only this to say: Heretofore it has never been against public policy for a person to collect an obligation due him. If this be so, then it is not against public policy to create a trust for that purpose. Such a trust has been recognized as valid. (*Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490, 33 Pac. 550, and cases therein cited; and see 20 Cal. Jur. 494.) Also, if such a trust be opposed to public policy, the original owner of the claim who made the declaration of trust could not assert its invalidity and thus take advantage of his own wrong in order to bring a second suit on the claim. I think the demurrer to the answer should have been sustained.

In considering this case I am accepting the *Merchants' Credit Service, Inc., Case* as *stare decisis,* though as will appear from the opinion therein, I did not agree with it.