NORTHERN MONTANA ASSOCIATION OF CREDIT MEN ET AL., Appellants, v. HAUGE, Respondent.

(No. 8,045.)

(Submitted March 11, 1940. Prior Opinion Withdrawn and Opinion Below, Filed September 24, 1940, Substituted.)

[105 Pac. (2d) 1102.]

*Mr. J. P. Freeman,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Ernest L. Walton,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an appeal from a judgment of the district court of Roosevelt county. The action was commenced by complaint filed by the Northern Montana Association of Credit Men, a

corporation, trustee, upon various accounts which it is alleged the defendant owed to five companies for goods, wares and merchandise sold by the companies to the defendant. The complaint alleged that these accounts were sold, assigned and set over in trust to the plaintiff for the use and benefit of the companies who assigned the accounts.

The suit was originally brought in the district court of Cascade county on March 24, 1938, and at the time the complaint was filed a writ of attachment was issued, based upon affidavit and undertaking. Thereafter upon motion the cause was transferred to Roosevelt county. A demurrer was interposed and it was thereafter called up for hearing on March 8, 1939. Prior to the time set for hearing of the demurrer, the plaintiff filed a motion for leave to file an amended and supplemental complaint. The amended and supplemental complaint was the same as the original complaint, except that the word ''trustee'' was stricken wherever it appeared in the original complaint, and in addition it was alleged that subsequent to the filing of the complaint the Northern Montana Association of Credit Men, a corporation, had purchased the accounts sued upon and that it was the sole owner and holder thereof. An affidavit in support of the motion was filed at the time the motion was filed. On March 8, 1939, the demurrer was sustained, and on April 19th of the same year, the district court made an order denying plaintiff's motion to file its amended and supplemental complaint and denied the motion to strike the word ''trustee'' where the same appeared on the papers on file in the action.

The specifications of error are five in number and they all have to do with the alleged error of the district court in denying the motion to file the amended and supplemental complaint, its refusal to permit the amendment of the writ of attachment, affidavit of attachment, undertaking on attachment and summons by striking the word ''trustee,'' and in rendering judgment in favor of the defendant and against the plaintiff. Error is also specified on the sustaining of the demurrer to the original complaint.

The sole question involved, with the exception of the latter specification which for the determination of this lawsuit we need not discuss, concerns the question of whether or not the court abused the discretion lodged in it by refusing to allow the amendments prayed for.

The argument of the respondent hinges on his contention that the appellant could not maintain the action as trustee of the account sued upon under the decision in *Streetbeck* v. *Benson,* 107 Mont. 110, 80 Pac. (2d) 861, 862.

An examination of the decision in that case demonstrates that it is not controlling. In the *Streetbeck Case* the facts were that the plaintiff operated a collection agency and that by agreement with the owners of the account sued upon, the plaintiff was to retain a part of the proceeds as compensation for his services in collecting the accounts. This was admitted by the plaintiff in his statement of the facts in the case. This court said: "This is an admission that the alleged trust agreements were entered into for the purpose of evading the effect of the above decision [*State ex rel. Freebourn* v. *Merchants' Credit Service,* 104 Mont. 76, 66 Pac. (2d) 337] of this court." This court in its opinion held that the creation of the express trust in that case from the agreed facts was for the purpose of evading the effect of section 8980, Revised Codes, and the ruling in the *Merchants' Credit Service Case,* and the decision is based on that alone. The court did not hold by implication or otherwise that the trustee of an express trust could not maintain an action as provided in section 9067, Revised Codes, in his own name.

We have in the present case, then, this situation: From the pleadings including the complaint, demurrer, process papers and the motion to amend and the objection to the motion, it is not possible to determine that the plaintiff is in the position of the plaintiff in the two cases above referred to. No testimony to this effect is before us, and, so far as the record is concerned, no showing is made that such a condition exists here. Since that is the situation and since the allegation in the complaint is that the plaintiff is a trustee of an express trust, we

must presume that the plaintiff could have maintained the action under section 9067. As that is the case, there would seem no reason why the amendment sought should not be granted.

The causes of action remain the same. The debts sued upon are identical and the amendment would not in any way affect the substantial rights of the defendant. By section 9086 provision is made by statute for the substitution of the assignee of the cause of action as plaintiff. There can be no question but that the terms of section 9086 apply. (See *Osborne* v. *McDonald*, 91 Mont. 83, 5 Pac. (2d) 568; *Price* v. *Skylstead*, 69 Mont. 453, 222 Pac. 1059; 1 Bancroft's Code Pleading, 834.)

Since the suit could have been maintained by the plaintiff originally as trustee, absent a showing that the action was a mere subterfuge to escape the effect of the decision in the *Merchants' Credit Service Case*, a cause of action was stated and the amendment in no way changed that cause except in the particulars noted.

The defense, except as to the assignment, would be the same were the amendment allowed as it would be under the original declaration, and we can see no way in which the defendant is prejudiced.

This court in *State ex rel. Gold Creek Min. Co.* v. *District Court*, 99 Mont. 33, 43 Pac. (2d) 249, 250, has stated the rule in Montana as to amendments: "The rule being to allow, and the exception to deny, them." (Citing many cases.)

It is true that the district court under section 9187, Revised Codes, has a wide discretion in allowing or denying amendments, but we think the denial of leave to amend here was an abuse of that discretion. We think the amendment was proposed at an opportune time (when the demurrer was set for hearing), and the rule announced in *State ex rel. Gold Creek Min. Co.* v. *District Court,* supra, is applicable, i. e.: " 'But the refusal to permit an amendment which is proposed at an opportune time and should be made in furtherance of justice is an abuse of discretion on the part of the trial court.' " (Citing cases.)

Certainly, permitting the amendment in this case where no change is made in the causes of action pleaded—the only change being as to the capacity in which the plaintiff sues—would be in furtherance of justice, and its denial conversely could serve but one purpose, and that to defeat justice by delay.

The amendment may be made as well where an attachment has been issued as in any other suit. It may be that different rules should guide the district court in the exercise of its discretion where an attachment has been made from where there has been no attachment, but nothing here appears which would require denial of the amendment. (See 6 C. J. 481; 5 Am. Jur. 171; *Sloan* v. *Young,* 86 Mont. 414, 284 Pac. (2d) 131.)

It is urged that even though amendment of the complaint in the action be allowed, amendment of the attachment papers cannot be made where the amendment of the complaint is not merely a formal one, but one in which the assignee of the cause of action is substituted as party plaintiff. It would seem that the amendment sought is unnecessary. The levy has been made and the attachment papers have served their purpose. The levy would remain in force whether the plaintiff, in the capacity of legal owner, were substituted for it as trustee in the attachment papers or not. Had the plaintiff chosen, it could have continued the action in its original capacity, in which case there could be no question as to the continuing force of the levy. What we have said as to the cause of action applies to the attachment.

"Plaintiff in attachment will usually be allowed to amend its pleadings, as in other actions, without affecting the attachment, provided such amendment will not change the cause of action. Thus amendments have been allowed * * * substituting parties plaintiff where the action was brought in the name of the wrong person or there has been a change in relation to the ownership of the cause of action; and changing the character in which plaintiff sues." (6 C. J. 481; 7 C. J. S., Attachment, sec. 493.)

Section 9086, Revised Codes, indicates that the substitution may be made in the attachment proceeding, as well as in the

principal action: "In case of any transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

This court has held on a number of occasions that attachment ■ is a "proceeding." (*Pierse* v. *Miles*, 5 Mont. 549, 6 Pac. 347, *Wilson* v. *Barbour*, 21 Mont. 176, 53 Pac. 315, and many others.) Where the writ has not issued the substitution should without question be allowed. Here the substitution sought was a useless act. However, to assure against any misunderstanding, the court should have allowed the amendment when application was made. (See *Price* v. *Skylstead*, supra.)

The court should have permitted the amendment of the writ of attachment and other process papers. The decision of the lower court is reversed and the cause remanded, and it is ordered that the plaintiff be permitted to file its amended and supplemental complaint and to amend the process papers according to its motion filed March 8, 1939.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN and ARNOLD concur.

MR. JUSTICE MORRIS:

I dissent to the extent that I do not think that either the statutes or any established rule of law justifies this court in holding that a writ of attachment may be legally levied upon a debtor's property so that the levy will antedate the creditor's ownership of the debt to secure which the levy is made.

All of the cases cited by the contending parties in this action relate to the amendment of pleadings in actions where the application for amendment to the pleadings was made by the party or parties who began the action. I have found no case in any jurisdiction where an amendment has been allowed to the undertaking on attachment or of the writ of attachment where there was a change of ownership in the obligation sued upon. In my judgment when the case at bar was abandoned as an ac-

tion brought by the trustee for the owners of the various accounts and was purchased by the plaintiff, it became a new action. I think that under the provisions of section 9284, Revised Codes, the writ of attachment was improperly and irregularly issued and should have been discharged when the ownership of the accounts sued upon passed into new hands.

I am further of the opinion that the undertaking required in an attachment action is of no value when the ownership of the accounts is changed, and that the undertaking furnished could be voided by the sureties. The rule laid down in 7 C. J. S., Attachment, section 143, I think is applicable here. It is there said, at pages 318 and 319, that a proposed change in the affidavit would have the effect of introducing into the cause a new plaintiff for the ones who originally instituted the action and proceeding and is of a material character, and, in the absence of statutory permission, is not allowable. Under my construction of our statute on attachments, I do not think the change made here was allowable.

In the case of *C. H. Fargo & Co.* v. *Cutshaw*, 12 Ind. App. 392, 39 N. E. 532, it was held that attachment proceedings commenced by several persons as co-partners could not be amended by substituting a corporation as plaintiff, although the new corporation plaintiff be composed exclusively of the original plaintiffs. And in the case of *Glover & Son Commission Co.* v. *Abilene Milling Co.*, 136 Mo. App. 365, 116 S. W. 1112, it was held that an interpleader in an attachment action must recover on the strength of his own title without depending upon the title of the plaintiff.

While some of these authorities are not directly in point, the reasoning in the cases clearly upholds the view expressed in the first paragraph of this dissent. The case of *Jenkins* v. *First National Bank*, 73 Mont. 110, 236 Pac. 1085, and the case of *Hetrick* v. *Renwald*, 73 Mont. 426, 236 Pac. 1089, both treat of cases where some of the questions involved in the case at bar were involved. But in both of those cases there was no change of ownership when the question of amendment arose

and there could be no controversy over the question as to whether the amendment gave rise to a new action.

Rehearing denied September 24, 1940.