CAMPBELL, APPELLANT, *v.* FLANNERY ET AL., RESPONDENTS.

(No. 1,856.)

(Submitted November 16, 1903. Decided December 8, 1903.)

*Temporary Injunction—Application to Dissolve—Use of Affidavits—Surface Water—Natural Water Course—Flowage—Accustomed Channel—Rights of Upper Proprietor—Rights of Lower Proprietor.*

1.  Under Code of Civil Procedure, Section 878, where defendant's motion to dissolve a temporary injunction is based on the complaint alone, plaintiff has no right to file an affidavit in support of the complaint.
2.  To justify granting a preliminary injunction, the plaintiff's right must be certain as to the law and facts.
3.  Owners of land along a natural water course are entitled to have its waters flow down upon, and depart from, their land in the accustomed channel.
4.  The allegations of a complaint upon which a temporary injunction was granted enjoining defendants from permitting certain water to flow down upon the land of plaintiff, examined, and *held* to be insufficient to entitle plaintiff to the injunction, whether said water was a natural water course or surface water.

*Appeal from District Court, Gallatin County; W. L. Holloway, Judge.*

SUIT by N. S. Campbell against William and Ida B. Flannery. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

*Messrs. McConnell & McConnell,* for Appellant.

*Mr. Eugene B. Hoffman,* for Respondents.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an appeal from an order dissolving a temporary injunction which had been granted upon a complaint without notice.

The motion to dissolve was based solely upon the summons and complaint. It was heard on behalf of defendant at the date fixed in the notice, but, upon the written request of plaintiff's counsel, they were granted further time to be heard. Subsequently they submitted a written argument against the motion, and presented an affidavit in support of the complaint. No affidavits were filed by the defendant on the motion to dissolve.

Section 878, Code of Civil Procedure, provides: "The application [to dissolve] may be made upon the complaint and affidavit on which the injunction order was granted, or upon affidavit on part of defendant with or without the answer. If the application be made upon affidavits on part of defendant,

but not otherwise, the plaintiff may oppose the same by affidavits or oral testimony in addition to those on which the injunction order was granted." Under this statute, there being no affidavit filed with the motion to dissolve, plaintiff had no right to file the affidavit above referred to, and the court could not have considered it upon a motion to dissolve. Therefore the only question on this appeal is, does the complaint state facts sufficient to warrant the granting of an injunction?

It is a fundamental principle of the law of injunctions that the plaintiff must show a clear right. Spelling says: "To justify granting a preliminary injunction, the plaintiff's right must be certain as to the law and facts. In passing upon the facts of each case, it is the right and duty of the court or judge to require a full disclosure of all the facts; and, if it is apparent that such disclosure has not been made, relief should be refused." (1 Spelling on Injunctions, Sec. 20.)

In this case the only right which the plaintiff claims was invaded is the right to use the bed of Cottonwood creek, which passes through his land, for agricultural purposes. This right is set forth in the complaint in the following language: "That for the purpose of irrigating the aforesaid tracts of land, which are arid and need irrigation, a certain ditch was constructed for the purpose of conducting the waters of the East Gallatin river to and upon said tracts of land; that said ditch is known as the 'Flannery Ditch'; that it conducts the water by means of an artificial ditch, constructed to the bed of a certain creek, known as 'Cottonwood Creek,' and the water is thence conducted for a distance of between one-fourth and one-half of a mile, when the water is taken out of said creek bed by means of an artificial ditch, which said latter ditch conducts the water along and adjacent to the south end of the plaintiff's ranch, and also the south end of the ranch of the defendant; that the said Cottonwood creek bed continues from the point where the last artificial ditch taps it, in a diagonal course across the lands above described of the plaintiff, about three-fourths of a mile; that said Cottonwood creek is dry the greater portion of the

year, and only flows water in the spring, when the early spring rains fall, and the snows melt in the mountains, which are only a few miles distant; that ever since the year 1893 the aforesaid artificial ditch, and the laterals taken out of the same, have been, and are now, amply sufficient to carry all the water that flows in the said Cottonwood creek, so that a portion of said creek bed which traverses, as aforesaid, the plaintiff's lands, has not been subjected to the flow of any water since the year 1893; that plaintiff has plowed and leveled said creek bed and cultivated the same ever since the year 1898; that the bed of said creek is gravel, and that the plaintiff has hauled and put soil upon it to a sufficient depth to raise valuable crops of grain, and that the same is now sowed in grain; that said creek bed is on an average of about two rods in width, and that the reclamation of the same, and its conversion into cultivated land, as above described, has added greatly to the value of plaintiff's ranch; that the recent rains and the melting of the snow in the mountains have caused a large volume of water to flow down the Cottonwood creek and enter the said Flannery ditch, as above described; that this volume of water is between three hundred and four hundred inches of water, miner's measure."

Does the complaint contain allegations sufficient to clearly establish this right? We think not. The right claimed would depend somewhat upon the character of the waters of Cottonwood creek, as to whether they were mere surface waters, or the waters of a natural water course. We are tentatively of the opinion that the allegations of the complaint fix the character of these waters as waters of a natural water course, but inasmuch as it appeared at the hearing of this appeal that plaintiff had filed an amended complaint, which is not before the court, and as the real character of the waters depends entirely upon the existence of facts, we do not feel disposed to decide upon this appeal that they are the waters of a natural water course. We are satisfied, however, that it makes no difference in this case whether such waters were mere surface waters,

or the waters of a natural water course. If Cottonwood creek was a natural water course, then the landed proprietors along its banks above the plaintiff's land are entitled to have its waters flow down the stream from their lands as they were accustomed to flow, and plaintiff could only acquire the right to prevent such flow by the granting of that right to him by such proprietors, by a contract with them concerning such right, or by a prescriptive right obtained against them. So far as the allegations of this complaint are concerned, the defendants may be landed proprietors on the banks of Cottonwood creek above the lands of plaintiff. There is no allegation to the contrary. The mere allegation that they are in possession of certain lands joining plaintiff in no way tends to contradict the fact that they may be owners of other lands along the banks of Cottonwood creek above the lands of plaintiff.

Plaintiff does not allege that defendants have ever granted. to him, or contracted with him concerning, the right claimed; nor does he allege that he has obtained this right by prescription against them. True, he had the unquestionable right to change the course of Cottonwood creek on his own land, but he would be compelled, as to parties on the creek below him, to return its waters to the accustomed channel before it departed from his lands. There is no allegation in the complaint that plaintiff has done this, or that he bases his claimed right on the existence of any such facts. He rests his rights solely upon the allegation that some one constructed a ditch to carry the waters of the East Gallatin river to Cottonwood creek, used the bed of that creek for a distance, and then diverted "the water" from this by means of another ditch. The plaintiff does not even allege that it was the intent of the owner of this ditch to divert from Cottonwood creek any waters save those which had been turned into its channel. This would be the extent of their rights under the law, in the absence, at least, of a showing that they had appropriated some of the waters of Cottonwood creek. (*Paige* v. *Rocky Ford Canal & Irrigating Co.,* 83 Cal. 84, 21 Pac. 1102, 23 Pac. 875; Long on Irrigation, Sec. 43; Kinney on Irrigation, Sec. 246.)

Of course, the landed proprietors above plaintiff along the banks of Cottonwood creek would have no right to control the flowage of the water of that creek after they departed from their lands, but they have a clear right to have the waters of the creek depart from their lands in their accustomed channel.

The complaint does not show, except, perhaps, by way of inference, that the owners of this ditch ever attempted to, or even allowed, the waters of Cottonwood creek to be conveyed through the Flannery ditch. The only allegation we find in the complaint in this regard is as follows: "That ever since the year 1893 the aforesaid artificial ditch and the laterals taken out of the same have been and are now amply sufficient to carry all the water that flows down said Cottonwood creek, so that a portion of said creek bed which traverses, as aforesaid, the plaintiff's lands, has not been subjected to the flow of any water since the year 1893." Again, whether a dam had been constructed across Cottonwood creek at a point where the ditch departs therefrom is not directly alleged, but such fact is left entirely to an inference which might arise from the subsequent allegations that defendants removed said dam. Therefore, if Cottonwood creek was a natural water course, plaintiff has alleged no facts which give him any right to cultivate that part of its bed upon his own land, and prevent the proprietors along the banks of the stream above from allowing the waters of the stream to flow from their lands in their accustomed channel.

But suppose it was merely a passageway for surface water. Under the civil law the proprietor above is entitled to an easement over plaintiff's land for the flowage of the surface water from his land, which could not be interfered with or enjoined. This rule of the civil law has been adopted in California and many other states. (Gould on Waters, Sec. 266.)

Under the doctrine of the common law, no such easement exists; and plaintiff might have prevented the flow of the surface water from the lands of his neighbors over his own lands by the erection of dams, dikes or levees. But such erection would have to be constructed upon his own land, in absence of

a showing on his part of the right to erect them on the lands of another. Under the common law, "surface water is the enemy of all mankind," and each landowner has a right to protect his own land therefrom. There is no claim in the complaint that the plaintiff has attempted, by the erection of dikes, dams or levees upon his own land, to prevent the natural flowage of the surface water from the lands of adjacent proprietors. Neither has he shown the erection of such structures upon the lands of another, or any right to erect the same on such lands.

So that plaintiff has shown no right to the use of the bed of this creek for agricultural purposes which would entitle him to enjoin the defendants from permitting the waters of Cottonwood creek to flow down its accustomed channel to the lands of plaintiff, and therefore there could be no invasion of any right which could be enjoined.

The complaint contains certain other allegations concerning the existence of the so-called Penwell ditch, which, as alleged, the Flannery ditch crosses after its departure from Cottonwood creek. We deem these allegations entirely immaterial, and shall not consider the same, because, if plaintiff has not shown a right to have the waters of Cottonwood creek flow into the Flannery ditch at the point of its departure from the creek, he certainly would have no right to insist that these waters should have been carried off by the Penwell or any ditch crossing the Flannery ditch beyond the point of its departure from the creek.

Many other objections to the sufficiency of the complaint might be suggested, but the above would seem to be ample to show that there was no error in the order appealed from.

It must be remembered that this opinion is based solely upon the allegations of the complaint, and nothing herein contained should be construed as applying to any amended complaint which states facts not alleged in the complaint under consideration.

We therefore advise that the order appealed from be affirmed.

PER CURIAM.——For the reasons stated in the foregoing opinion, the order appealed from is affirmed.

MR. JUSTICE HOLLOWAY, being disqualified, takes no part in this decision.