## LE MUNYON, RESPONDENT, *v.* GALLATIN VALLEY RAILWAY CO., APPELLANT.

(No. 4,425.)

(Submitted June 9, 1921. Decided July 1, 1921.)

[199 Pac. 915.]

*Waters and Watercourses—Obstruction—Railroad Embankments—Surface Waters.*

"Watercourse"—Definition.
 1. A "watercourse" is a living stream with defined banks and channel, not necessarily running all the time, but fed from other and more permanent sources than mere surface water.

Waters and Watercourses—Surface Waters—Obstruction by Railroad Embankment—When Defendant not Liable for Damages.
 2. Under the common-law rule of liability for the obstruction of surface waters, in force in this state in the absence of statute providing otherwise, defendant railway company was not liable for dam-

---

 2. On right of owner of lower tenement as against the rights of the upper land owner to obstruct surface water in a natural drainage channel, see notes in 16 Am. St. Rep. 710; Ann. Cas. 1914A, 1292; 22 L. R. A. (n. s.) 789; L. R. A. 1917A, 517.

 The question, What is surface water? is discussed in notes in 3 Ann. Cas. 208; 25 L. R. A. 527.

age caused to plaintiff's property by surface waters which were dammed up by its embankment and for the escape of which it had failed to construct culverts or openings, its duty in this respect being confined, by subdivision 5 of section 4275 and section 4362, Revised Codes, to providing outlets for streams, watercourses etc., intersected by the embankment, plaintiff's evidence having failed to establish that the invading waters were conveyed through a natural watercourse.

*Appeals from District Court, Gallatin County; B. B. Law, Judge.*

ACTION by Riley Le Munyon against the Gallatin Valley Railway Company. Judgment for plaintiff, and defendant appeals from the judgment and from the order denying its motion for a new trial. Reversed and remanded, with directions to dismiss the complaint.

*Messrs. Keister & Bath,* for Appellant, submitted a brief; *Messrs. Murphy & Whitlock,* of Counsel, submitted a supplemental brief; *Mr. A. N. Whitlock* argued the cause orally.

There is no responsibility for obstruction of the flow of surface waters.    (40 Cyc. 463; *Jordan* v. *St. Paul, M. & M.*, 42 Minn. 172, 6 L. R. A. 573, 43 N. W. 849; *Baltimore & O. R. Co.* v. *Baugh*, 149 U. S. 368, 37 L. Ed. 772, 13 Sup. Ct. Rep. 1914 [see, also, Rose's U. S. Notes]; *Kansas City & E. R. Co.* v. *Riley*, 33 Kan. 374, 6 Pac. 581; *Chicago, K. & N. Ry.* v. *Steck*, 51 Kan. 737, 33 Pac. 601; this case is exactly in point and sets out the facts almost to the letter with the facts testified to in this case; *Raleigh & A. A. L. R. Co.* v. *Wicker*, 74 N. C. 220; *Abbott* v. *Kansas City, St. J. C. B. R. Co.*, 83 Mo. 271, 53 Am. St. Rep. 581; *Cleveland C. C. & St. L. Ry. Co.* v. *Huddleston*, 21 Ind. App. 621, 69 Am. St. Rep. 385, 52 N. E. 1008; *Hanlin* v. *Chicago & N. W. Ry. Co.*, 61 Wis. 515, 21 N. W. 623; *Hannaher et al.* v. *St. Paul M. & M. R. Co.*, 5 Dak. 1, 37 N. W. 717; *Burke* v. *Missouri Pac. Ry. Co.*, 29 Mo. App. 370; *Walker* v. *New Mexico & S. Pac. Ry. Co.*, 165 U. S. 593, 41 L. Ed. 837, 17 Sup. Ct. Rep. 421; *Gibson* v. *Duncan*, 17 Ariz. 329, 152 Pac. 856; *Baltimore & O. R. R. Co.* v.

*Thomas,* 37 App. D. C. 256; *Howard* v. *City of Buffalo,* 211 N. Y. 258, 105 N. E. 430.)

This court in the case of *Fordham* v. *Northern Pac. Ry.,* 30 Mont. 421, 104 Am. St. Rep. 729, 66 L. R. A. 556, 76 Pac. 1040, laid down the rule for distinguishing between surface water and waters of a stream, but did not pass upon the question as to whether a railroad company was liable for interference with the flow of surface water.

*Messrs. Carlson & Peterson,* for Respondent, submitted a brief; *Mr. C. E. Carlson* argued the cause orally.

If this court is to adopt the restricted definition of watercourse laid down in the earlier decisions, that is, a channel with well-defined bed and banks, then the respondent has failed to establish a watercourse. If, on the other hand, this court is to adopt a mere liberal definition of a watercourse as placed upon it in a number of decisions cited below, then section 4275, Revised Codes, puts the case at rest. In the case of *Quinn* v. *Chicago, M. & St. P. R. Co.,* 23 S. D. 126, 22 L. R. A. (n. s.) 789, 120 N. W. 884, the court said: "While it did not appear from the evidence in the case at bar that there was a defined watercourse, having well-defined bed and banks, which is usually referred to as a 'watercourse,' in the authorities, still it was shown that there was a natural watercourse or ravine; and, although the watercourse was not one having well-defined bed and banks, it was one in which the surface waters from some forty or fifty acres of plaintiff's land found an outlet, and consequently such a channel comes within the rule that it cannot be negligently obstructed by a railroad company or natural person." (See, also, *Town* v. *Missouri P. R. Co.,* 50 Neb. 768, 70 N. W. 402; *Boyd* v. *Conklin,* 54 Mich. 583, 52 Am. St. Rep. 831, 20 N. W. 595; *Jungblum* v. *Minneapolis, N. U. & S. W. R. Co.,* 70 Minn. 157, 72 N. W. 971; *Norfolk & W. R. R. Co.* v. *Carter,* 91 Va. 587, 22 S. E. 517; *Earl* v. *De Hart,* 12 N. J. Eq. 280, 72 Am. Dec. 395; *Sinai* v. *Louisville, N. O. & T. R. Co.,* 71 Miss. 547, 14 South. 87;

*Lambert* v. *Alcorn,* 144 Ill. 313, 21 L. R. A. 611, 33 N. E.
53; *Ribordy* v. *Murray,* 177 Ill. 134, 52 N. E. 325; *Boyd* v.
*Conklin,* 54 Mich. 583, 52 Am. Rep. 831, 20 N. W. 595.)

The appellant relies on section 3552, Revised Codes of 1907.
While it is true that under the provision of the section referred
to the common law has been adopted it is, nevertheless, in the
instant case tempered by the golden maxim contained in section
6192, Revised Codes of 1907: "One must so use his own rights
as not to infringe upon the rights of another." In reference to
this matter the supreme court of Iowa (*Traetter* v. *Chicago,
G. W. Ry. Co.,* 147 Iowa, 375, 140 Am. St. Rep. 304, 126 N. W.
341), held that a railway company in filling the passageway be-
neath the bridge and where surface water was wont to flow in
the usual and natural way, according to the lay of the land, owed
the plaintiff the duty not to unnecessarily dam up and throw
back said water, to the injury of neighboring land owners, but
was bound to exercise ordinary care in what it did, so as not
to occasion unnecessary inconvenience and damage to such
owners. That if a watercourse has been established, then the
law has been superseded by section 4275, Revised Codes. If
the case is not covered by this section, then the common law
is not only affected by section 6182, but the defendant has vio-
lated the provisions of section 4362. Under the provisions of
this section it is the duty of the railway company within three
months after the completion of its road to cause to be con-
structed and maintained suitable ditches and drains along each
side of its roadbed or to construct culverts or openings through
such roadbed to connect with ditches or drains or watercourses
so as to afford sufficient outlet to drain and carry off the
water along such railroad, whenever the draining of such
water has been obstructed. The complaint clearly charges
a violation of this statute.

For the sake of argument, let us concede for a moment that
none of the sections referred to, specific as they are in their
terms, have any applicability to the case. Should the court
find this to be the case in passing upon this question for the

first time, unhampered by any former decisions, there is still no reason why this court should not hold a railway company liable for the obstruction of surface waters flowing in swales, depressions or ravines. California has a section identical to our section 3552. The supreme court of California has passed upon the question repeatedly. In *Wood* v. *Moulton*, 146 Cal. 317, 80 Pac. 92, it uses the following language: "Appellants' principal contention is that, under the statutes of this state (Stats. 1850, p. 219) and under section 4468 of the Political Code, as the common law of England is made the rule of decision in this state where not repugnant to or inconsistent with our Constitution or laws, the defendants' acts in ridding themselves of this stormwater were entirely consistent with their rights, and if plaintiff suffered damage therefrom, it was *damnum absque injuria.* Such, indeed, was the rule at common law, but, by a long course of decisions in this state consistently adhered to, the rule of the civil law has been adopted and has become our rule of property." (Citing a large number of cases.) This same language was approved in *Board of Trustees* v. *Rodley,* 38 Cal. App. 563, 177 Pac. 175. On the authority of *Wood* v. *Moulton, supra,* in which the court dealt with an almost identical situation and passed upon an identical law, there is no reason why this court should not hold that the liability attaches in the instant case. (See, also, *Cushing* v. *Pires,* 124 Cal. 663, 57 Pac. 572; *Shaw* v. *Sebastopol,* 159 Cal. 623, 115 Pac. 213; *Skinner* v. *Great Northern Ry. Co.,* 129 Minn. 113, 151 N. W. 968; *Lincoln & B. H. R. Co.* v. *Sutherland,* 44 Neb. 526, 62 N. W. 859; *City of Beatrice* v. *Leary,* 45 Neb. 149, 50 Am. St. Rep. 546, 63 N. W. 370; *Quinn* v. *Chicago M. & St. P. R. Co.,* 23 S. D. 126, 22 L. R. A. (n. s.) 789, 120 N. W. 884; note in 40 Cyc. 644.)

MR. COMMISSIONER SPENCER prepared the opinion for the court.

The defendant owns, operates and maintains a railway line from Three Forks to Bozeman, Montana, through the town of

Manhattan. The plaintiff owns 18.46 acres of land situated near Manhattan and a short distance south and west of defendant's railroad. The complaint alleges that "across said piece of land are certain natural watercourses which drain the land belonging to this plaintiff, and other lands surrounding the land of said plaintiff," and further alleges that these natural watercourses drain across the right of way of this defendant. Plaintiff has a house upon his land in the basement of which was a large quantity of personal property during the years 1916 and 1917. The defendant is charged with negligence in the reckless and careless construction and maintenance of a high embankment as a roadbed across the natural watercourses upon plaintiff's and adjoining lands, without culverts or openings for the escape of the waters flowing therein, as a result of which these waters, in the spring of 1916 and 1917, were dammed up and caused to overflow plaintiff's land, to the damage of his land, house and personal property therein in the sum of $5,000. The answer puts in issue all of the material allegations of the complaint except the ownership and operation of the railroad by defendant and the ownership of the lands of the plaintiff, and alleges affirmatively that, if any damage was done to the property of the plaintiff as charged, it arose by reason of a county highway built by Gallatin county between the land of the plaintiff and the right of way of defendant. Trial was to a jury. Plaintiff prevailed. Judgment was made and entered accordingly and motion for a new trial denied. Appeal is from both the judgment and order denying the motion.

Although appellant has specified thirteen assignments of error, it only becomes necessary in the disposition of these appeals for this court to adopt a rule of liability for the obstruction of surface waters. In *Fordham* v. *Northern Pac. Ry. Co.,* 30 Mont. 421, 104 Am. St. Rep. 729, 66 L. R. A. 556, 76 Pac. 1040, this court has succinctly laid down the rule to determine the character of water.

That the property of the respondent has been damaged by [1] water overflowing his land is no less a certainty than that

the water which caused the damage is properly designated as "surface water," nor, under the evidence, is there opportunity for discussion as to whether or not the invading waters were conveyed through natural watercourses, for the plaintiff testified that what he termed "watercourses" were "slight depressions," "draws," or "swales."

Anderson's Dictionary of Law defines a watercourse as follows: "A living stream with defined banks and channel, not necessarily running all the time, but fed from other and more permanent sources than mere surface water." This definition has our approval, and the evidence in the instant case discloses none of the elements required to constitute a watercourse.

There are two rules by which liability for the obstruction [2] of surface waters is measured—one known as the rule of the civil law, the other the rule of the common law. Under the former, the lower premises are subservient to the higher, and the latter has a qualified easement with respect to the former, which gives the right to discharge all surface water upon them. The common-law doctrine is the reverse. The lower land owner owes no duty to the upper land owner; each may appropriate all the surface water which falls upon his premises, and the one is under no obligation to receive from the other the flow of any surface water, but may in the ordinary prosecution of his business and the improvement of his premises, by embankments or otherwise, prevent any portion of the surface water coming from such upper premises. (*Walker* v. *New Mexico & S. P. R. Co.*, 165 U. S. 593, 41 L. Ed. 837, 17 Sup. Ct. Rep. 421.) Under the common law, surface water is the enemy of all mankind, and each land owner has the right to protect his own land therefrom. (*Campbell* v. *Flannery*, 29 Mont. 246, 252, 74 Pac. 450.)

Section 3552, Revised Codes, provides: "The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this state, or of the Codes, is the rule of decision in all the courts of this state." Hence the jurisprudence of

this state is governed by the rules of the common law unless the statutes determine otherwise.

The respondent urges subdivision 5 of section 4275, and section 4362, Revised Codes, as determinative of defendant's liability. Subdivision 5 of section 4275, is as follows: "Every railroad corporation has power: * * * To construct their road across, along, or upon any stream of water, watercourse, roadstead, bay, navigable stream, street, avenue, or highway, or across any railway, canal, ditch or flume, which the route of its road intersects, crosses or runs along, in such manner as to afford security for life and property; but the corporation shall restore the stream or watercourse, road, street, avenue, highway, railroad, canal, ditch or flume thus intersected to its former state of usefulness, as near as may be, or so that the railroad shall not unnecessarily impair its usefulness or injure its franchise."

Section 4362, Revised Codes, is as follows: "It shall be the duty of every corporation, company, or person owning or operating any railroad, or branch thereof, in this state, and of any corporation, company, or person constructing any railroad in this state, within three months after the completion of the same through any county in this state, to cause to be constructed and maintained suitable ditches and drains along each side of the roadbed of such road or to construct culverts or openings through such roadbed to connect with ditches or drains, or watercourses, so as to afford sufficient outlet to drain and carry off the water along such railroad whenever the draining of such water has been obstructed or rendered necessary by the construction of such railroad; provided that none of the drains or ditches herein referred to shall be required to be constructed by any of the persons or corporations herein named or described, except when required to remove and drain off water accumulated upon property adjacent to or upon the right of way whose natural channel or outlet has been destroyed or impaired by the embankment of such railway so constructed as aforesaid. * * * "

The former section does not settle the liability of defendant herein, because the evidence of the plaintiff negatives the existence of a watercourse, and, without the existence of a watercourse, this section is wholly inapplicable to the facts in this case, and liability must be fixed by the rule of the common law; and section 4275, *supra,* has not modified that rule.

Section 4362, Revised Codes, quoted above and urged by respondent, is not in conflict with section 4275, *supra,* nor does it in any sense alter the common-law rule herein set forth. That portion of section 4362, *supra,* included within the exception or proviso, which mentions "natural channel" or "outlet" refers back to the first or main body of the section, fixing the requirements of railroad corporations as to ditches, drains, and watercourses, and means "ditches," "drains," or "watercourses" as therein expressed, and hence the provisions of this section likewise afford no relief to the respondent.

We therefore conclude that, the plaintiff having failed to establish the existence of any watercourses as alleged in his complaint, and the trespassing waters being vagrant in their nature, or surface water, the defendant owed no obligation to the plaintiff in the protection of the latter from the encroachment of such waters. The court erred in refusing to give defendant's offered instruction No. 1–A as set forth in the sixth specification of error. Other assignments of error, we think, are meritorious, but, as the complaint herein must be dismissed, further discussion is unnecessary.

For the reasons given in the foregoing opinion, we recommend that the judgment and order appealed from be reversed and the cause remanded to the district court of Gallatin county, with directions to dismiss the complaint.

Per Curiam: For the reasons given in the foregoing opinion, it is ordered that the judgment and order appealed from be reversed and the cause remanded to the district court of Gallatin county, with directions to dismiss the complaint.

*Reversed.*