PAUL W. TILLINGER AND VERONICA TILLINGER, PLAINTIFFS AND APPELLANTS, *v.* STANTON ELBERT FRISBIE, DEFENDANT AND RESPONDENT.

No. 10073.

Submitted April 1, 1960. Decided July 7, 1960.

Rehearing denied July 27, 1960.

353 P.2d 645.

Ralph Anderson and Stanley P. Sorenson, Helena, Frank E.

Blair, Virginia City, Ralph Anderson argued orally for appellant.

Lyman H. Bennett, Jr., Bozemen, Francis J. McGan, Butte, Lyman H. Bennett, Jr. argued orally for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the fifth judicial district sustaining defendant Frisbie's demurrer to plaintiff Tillingers' second amended complaint, denying leave to amend, and awarding costs in the amount of $10.50 to defendant.

The action is between two adjacent landowners in Madison County, Montana, who previously were involved in litigation concerning the boundary line between their respective properties which was finally determined by this court in Tillinger v. Frisbie, 132 Mont. 583, 318 P.2d 1079. Reference to that case is made because the facts reported there are relevant to an understanding of this appeal.

In the previous Tillinger case, a quiet title action, there was a dispute as to whether a fence, erected in 1938 by Tillinger and Wilson, a predecessor in interest of defendant Frisbie, represented the true boundary line between the properties. In that case it was stated:

"Prior to 1950, a dike extended across what was believed to be the defendant's land, inside the fence. At that time, the defendant [Frisbie] began to enlarge the dike and the ditch which crossed it. The plaintiff [Tillinger] objected immediately and warned the defendant that he should not rebuild the dike until the true line was found. The defendant chose to ignore this warning and proceeded to make extensive improvements." Tillinger v. Frisbie, supra, 132 Mont. 588, 318 P.2d 1079. The result of the determination of the true boundary line in the Tillinger case was that the land upon which the dike is located was adjudicated as belonging to the plaintiffs.

This is an action brought by Tillinger and his wife to recover from Frisbie damages allegedly resulting from the flooding of his land by surface waters backed up by this dike.

A demurrer was sustained to plaintiffs' first complaint which was framed on the theory that the backing up of the surface waters amounted to a trespass which damaged plaintiffs' land and crops in the amount of $25,000. Leave to amend was granted and an amended complaint filed which was framed on the identical theory. At the commencement of the trial, defendant objected to the introduction of any evidence on the ground that the amended complaint did not state facts sufficient to constitute a cause of action. The objection was properly sustained on the authority of LeMunyon v. Gallatin Valley Ry., 60 Mont. 517, 523, 199 P. 915, 916. This court there said: ''The lower landowner owes no duty to the upper landowner; each may appropriate all the surface water which falls upon his premises, and the *one is under no obligation to receive from the other the flow of any surface water, but may in the ordinary prosecution of his business and the improvement of his premises, by embankments or otherwise, prevent any portion of the surface water coming from such upper premises.* Walker v. New Mexico & S. P. R. Co., 165 U.S. 593, 17 S.Ct. 421, 41 L.Ed. 837. Under the common law, surface water is the enemy of all mankind, and each landowner has the right to protect his own land therefrom. Campbell v. Flannery, et al., 29 Mont. 246, 252, 74 P. 450.'' Emphasis supplied.

The minute entry of January 19, 1959, of the district court states that ''Whereafter counsel for the plaintiffs made application to the Court to amend their complaint to meet the alleged deficiency in it, and leave to do so is by the Court granted.''

Plaintiffs then filed a second amended complaint purporting to set forth two separate causes of action. For a first cause of action, plaintiffs purported to change their theory by alleging, for the first time, that the dike was constructed upon the lands of the plaintiff and that the construction of the dike it-

self amounted to a trespass. But the gist of plaintiffs' allegations of damages remained the same, that the portions of their land were inundated by surface waters causing it to be unproductive. For a second cause of action, plaintiffs alleged that defendant negligently and maliciously constructed the dike with insufficient provision for drainage, and prayed for $10,000 punitive damages.

Defendant's demurrer to the second amended complaint was sustained, leave to amend denied, and judgment for defendant entered with costs of $10.50 to defendant. From this judgment, plaintiffs appeal.

Plaintiffs specify as error the court's action in sustaining the demurrer to the second amended complaint without leave to amend, and entering judgment dismissing plaintiffs' action and granting defendant his costs.

To illustrate that the district court properly sustained the demurrer and did not abuse its discretion in refusing leave to amend does not require a lengthy opinion. The gist of each of the four purported causes of action, as set forth in the three complaints, remains the same—the inundation of plaintiffs' lands by waters backed up by the dike. No allegation of trespass in building the dike on plaintiffs' land appears until the second amended complaint, and even there the same damages are alleged. No additional damages are claimed for the alleged trespass in building the dam. Plaintiffs' allegation that it will cost $3,000 to remove the dike cannot serve to disguise the true theory of the complaint. The common-law rule that surface waters are the common enemy sustains the lower court's action in sustaining the demurrer. See LeMunyon v. Gallatin Valley Ry., supra; 56 Am.Jur., Waters, § 69, p. 552; 93 C.J.S., Waters, § 114(2), pp. 805, 806. The case of O'Hare v. Johnson, 116 Mont. 410, 153 P.2d 888, did not change this rule in Montana. That case was an injunction suit brought to restrain a landowner from diverting surplus irrigation water originating in the Bitter Root River and also surface waters

onto the plaintiff's land. It cannot be construed as prohibiting a landowner from protecting his lands from the encroachment of surface waters.

The gist of plaintiffs' complaints here was not in trespass for the construction of the dike, but the inundation by surface waters which defendant had the right to ward off. Hence, the demurrer was properly sustained.

Under section 93-3905, R.C.M.1947, the matter of permitting amendments of pleadings lies within the sound discretion of the trial court; the rule being to allow, and the exception to deny them. State ex rel. Gold Creek Mining Co. v. District Court, 99 Mont. 33, 36, 43 P.2d 249; Northern Montana Ass'n v. Hauge, 111 Mont. 56, 60, 105 P.2d 1102. The refusal to grant such permission will not be disturbed on appeal, in the absence of a showing of abuse of that discretion. Champagne v. Keplinger, 78 Mont. 114, 120, 252 P. 803. There can be no doubt here that the district court's refusal of leave to amend, after such permission had been granted twice without avail, was not an abuse of discretion.

Defendant made a motion in this court to dismiss the appeal on the ground that the judgment below was satisfied within the meaning of section 93-8706, R.C.M.1947, by plaintiffs' voluntary payment to defendant of the costs awarded by the judgment. Since the judgment below must be affirmed this motion need not be passed upon.

For the reasons stated, the judgment is affirmed.

MR. JUSTICES ADAIR and CASTLES and THE HONORABLE W. M. BLACK, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, and THE HONORABLE H. B. HOFFMAN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.