No. 12086

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

DENNIS ROOPE, BETTY ROOPE, JAMES ROOPE,
RICHARD ANDERSEN, and CHERYL ANDERSEN,

      Plaintiffs and Appellants,

 -vs-

THE ANACONDA COMPANY, A Montana Corporation,

      Defendant and Respondent.

------------------------

IVAN H. FREED, DON COLLINS, and CORAL COLLINS,

      Plaintiffs and Appellants,

 -vs-

THE ANACONDA COMPANY,

      Defendant and Respondent.

---

Appeal from: District Court of the Second Judicial District,
      Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

 For Appellants:

  Neil J. Lynch argued, Butte, Montana.

 For Respondents:

  Poore, McKenzie and Roth, Butte, Montana.
  Robert F. Poore argued, Butte, Montana.

---

        Submitted: February 15, 1972

         Decided: MAR 8 - 1972

Filed: MAR 8 - 1972

<em>Thomas J. Kearney</em>
         Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

All plaintiffs in two flood damage cases bring this consolidated appeal from summary judgments granted in favor of a single common defendant by the district court of Silver Bow County, the Hon. James D. Freebourn presiding.

In midafternoon of July 28, 1970, an extremely severe rain and hail storm of "cloudburst" proportions hit the western residential area of Butte, Montana. The principal part of this storm lasted about half an hour and caused a tremendous amount of hail and water to fall in the area. This water flowed downhill following the contours of the land. In this process considerable water damage and flooding occurred to the residences, household furnishing and personal effects of the various plaintiffs. Additionally, one of the plaintiffs claims damages for personal injuries.

All of the plaintiffs reside in the Clark Street gulch area of the "Butte Hill". The "Butte Hill" slopes generally from north to south and is serrated by numerous gulches and gullies which also drain from north to south. These gulches and gullies, with their accompanying ridges and slopes, are largely covered by residential properties with paved streets and alleys.

The Clark Street gulch area here involved is about four blocks wide in an east-west direction and at least three or four times as long in a north-south direction. Clark Street occupies the bottom of a north-south gully which is bounded by ridges on both the east and the west. Drainage to Clark Street comes both from the north or uphill area of the "Butte Hill" and from the east and west ridges sloping downhill to Clark Street at the bottom.

At the north end of the Clark Street basin is the Anselmo mine of the defendant, The Anaconda Company. A large waste dump is located at the Anselmo mine. Below the dump there is a Little League baseball park and bleachers, surrounded by a wooden fence. Still further downhill is located a two-family residence at 715 West Quartz occupied at the time of the cloudburst by the Richard Anderson and Dennis Roope families, the former as owners and the latter as tenants. Members of these two families are the plaintiffs in one suit herein appealed. Their dwelling is located about two blocks downhill to the south of defendant's Anselmo mine and immediately west of Clark Street; it is also a somewhat lesser distance downhill and to the south from the Little League ball park which is located on the slope between the Anselmo mine and these plaintiffs' residence.

Still further south about four blocks downhill from the Anderson-Roope residence, the dwelling of the plaintiffs in the second suit/is located. This dwelling is also a two-family residence occupied by Ivan H. Freed as owner and the Don Collins family as tenants. This residence is located at 715 West Galena which is just off Clark Street to the west.

There are no rivers, creeks, or streams in the area in-volved in this appeal. All of the flood waters fell from the sky in a sudden cloudburst of unprecedented proportions.

The complaints in both actions were filed about a month after the cloudburst and are/essentially identical (except as to damages which are not germane to this appeal). Each complaint names a single defendant, The Anaconda Company. Plaintiffs seek to recover for damage to their residences and personal property from water that flooded into their dwellings during the cloudburst.

Plaintiffs claim negligence on the part of defendant in "creating an artificial diversion of water on its property which resulted in the flooding and damages."

Defendant's answer amounted to a general denial of any negligence on its part coupled with the affirmative defense that the damage was caused by an "Act of God".

Pretrial discovery proceedings were carried on by the defendant consisting of written interrogatories to the plaintiffs and depositions taken from six of the plaintiffs. Following the filing of the answers to these interrogatories and the typewritten depositions, defendant moved for summary judgment in both actions. It is interesting to note that the presiding judge was familiar with the area and in ruling on the motions for summary judgment took judicial notice "of the general residential neighborhood here involved and the land contours and the properties of Defendant in that area, including the Anselmo Mine Dump which existed in its present condition for many years".

Defendant's motion for summary judgment in each of the two suits was granted following a consolidated hearing. All plaintiffs now appeal from the summary judgments granted.

The controlling issue in this appeal is whether there is any genuine issue of material fact precluding summary judgment for the defendant. The district court held there was no issue of material fact and that defendant was entitled to judgment as a matter of law. We affirm.

The gist of plaintiffs' contention is that defendant, The Anaconda Company, interfered with the natural drainage in the area and this, combined with an "Act of God" consisting of the cloud-burst, caused plaintiffs' flooding and damage for which defendant

is legally responsible. Upon oral argument plaintiffs contended the following issues of fact exist concerning defendant's interference with natural drainage: (1) whether Anaconda's debris plugged the storm sewer drains; (2) whether an Anaconda mine car blocked the flowage of water; (3) whether Anaconda's Anselmo mine dump was so constructed as to divert drainage; and (4) whether the Little League ball park, situated on land owned by Anaconda and leased to the city of Butte, was constructed in such a manner as to approximate a giant "bathtub" impounding the water and suddenly releasing it in large quantities when the fence broke, thereby flooding the plaintiffs.

Unfortunately for plaintiffs there is not one scrap of evidence to substantiate these claims. On oral argument plaintiffs' counsel acknowledged that these claims were speculative with no evidentiary basis in the record. The district judge specifically concluded:

> "* * * that the Defendant did not dam up or channel the surface waters here involved but that the same flowed from the heavens as an Act of God and then followed the general downgrade contours of Defendant's properties which had been established in the lawful business of mining and off therefrom onto the streets, alleys and private properties of the residential area here involved; and further, having considered the representations of plaintiffs that Defendant had allegedly diverted the natural flow of waters by a small mine timber truck which does not and cannot constitute a true dam or channel for water so as to reroute the same to the lands of plaintiffs; and the Court having concluded that the waters of this sudden cloudburst were the common enemy of all the landowners in the area and none thereof were liable to his neighbors for the waters which drained and flowed downgrade thereon * * *."

There is simply no evidence to the contrary and accordingly nothing to try before a jury.

Rule 56(c), M.R.Civ.P., governs summary judgment and requires that such judgment be granted if:

"* * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

The burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. Byrne v. Plante, 154 Mont. 6, 459 P.2d 266, and citations therein. But where, as here, the record discloses no genuine issue as to any material fact, the burden is upon the party opposing the motion to present evidence of a material and substantial nature raising a genuine issue of fact. Flansberg v. Mont. Power Co., 154 Mont. 53, 460 P.2d 263, and authorities cited therein.

There is no factual basis in the record here to support plaintiffs' allegations of negligence on the part of defendant. The record simply shows an unprecedented cloudburst with the resulting waters drained downhill by gravity following the topography and contours of the land. An uphill property owner owes no duty to his downhill neighbor to prevent the encroachment of such vagrant or surface waters from his property onto his neighbor's. Le Munyon v. Gallatin Valley Ry. Co., 60 Mont. 517, 199 P. 915. This Le Munyon rule has been reviewed and affirmed from time to time in the following Montana cases: Sylvester v. Anaconda C. Min. Co., 73 Mont. 465, 236 P. 1067; O'Hare v. Johnson, 116 Mont. 410, 153 P.2d 888; State Highway Comm'n v. Biastoch Meats, Inc., 145 Mont. 261, 400 P.2d 274. Accordingly, defendant is entitled to judgment as a matter of law.

The summary judgments entered by Judge Freebourn in cause No. 56,789 on June 3, 1971 and in cause No. 56,791 on June 4, 1971, are affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting for Associate
Justice Castles.