No. 12254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

PETER DeWINTER,

Plaintiff and Appellant,

-vs-

CAPP HOMES, INC.,

Defendant and Respondent.

---

Appeal from:  District Court of the Eleventh Judicial District,
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellant:

McGarvey, Morrison and Hedman, Whitefish, Montana
James D. Moore argued, Whitefish, Montana

For Respondent:

Murphy, Robinson, Heckathorn and Phillips, Kalispell,
Montana
I. James Heckathorn argued, Kalispell, Montana

---

Submitted:  February 27, 1973

Decided:  MAR 2 8 1973

Filed:  MAR 2 8 1973

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This action came before the district court of the eleventh judicial district, Lincoln County, on the complaint of the plaintiff, Peter DeWinter, for personal injuries sustained in a fall from the roof of a house on which he was working on November 2, 1966. Defendant, Capp Homes, Inc., is in the business of selling precut and prefabricated homes, and as a part of the price, sets up the framing of the house. All inside work and shingling was to be done by the purchaser.

In this case, Capp Homes had sold one of its units to a purchaser in Fortine, Montana. Plaintiff had been contacted by telephone two weeks prior to the date of the accident by Mr. Bruce Ward, a field representative for Capp Homes, who asked the plaintiff if he would build a house for the defendant. Plaintiff went to the building site to consider the proposition and was persuaded by the purchaser to begin work. Supposedly, two other carpenters were to help the plaintiff but they did not appear until after the plaintiff had been injured.

There was no written contract between the plaintiff and the defendant. Plaintiff was to receive compensation at the rate of 50¢ per square foot, payable upon completion of the job. Plaintiff could, however, draw upon the amount if he needed the money. Plaintiff never met Mr. Ward, nor did he at any time ever personally see a Capp Homes' representative. Plaintiff was not supervised while on this job.

After plaintiff began construction, he noticed some of the plywood had deteriorated because of weathering to the point where it had become warped and moldy. The purchaser, desirous of having his house completed, directed the plaintiff to continue construction. As plaintiff was moving across the roof of the building, he tripped over a split in the bad lumber, tumbled to the ground and suffered a fractured right ankle and three vertebrae as a result of the fall.

Plaintiff contends that while he was hospitalized, his wife was told by Mr. Ward that Capp Homes had no industrial accident coverage in the State

of Montana. It was later determined that Aetna Life and Casualty was in fact the industrial accident insurance carrier for Capp Homes and that Capp Homes was a subsidiary of Evans Products Company under which name the Industrial Accident Board had Workmen's Compensation coverage filed. However, plaintiff admitted that no notice of claim for injuries was made within the sixty day limit established by section 92-807, R.C.M. 1947.

Plaintiff's first counsel wrote a letter to Capp Homes, putting defendant on notice of plaintiff's claim. Counsel wrote in the letter that:

> "His [plaintiff's] immediate concern is whether or not he is covered under the Montana Workman's [sic] Compensa-tion Act."

In the reply brief filed by plaintiff in the district court in February, 1970, directed toward the question of the applicability of Workmen's Compensation, plaintiff said that he " * * * relies upon the Defendant's allegations that Plaintiff was not covered regardless of whether or not Plaintiff was in fact an employee." Although plaintiff's Workmen's Compensation coverage was an "immediate concern", it does not appear from the record that plaintiff investigated any further within the time limit established by the statute. Rather, he merely relied on Mr. Ward's alleged statement to the plaintiff's wife.

Four pretrial conferences were held in this case and a number of briefs were filed. Finally, in February 1972, the court granted the defendant's motion for summary judgment after determining that plaintiff was an independent contractor, not an employee. From the judgment entered pursuant to the granting of defendant's motion, plaintiff appeals.

Plaintiff presents two issues to this Court on appeal: (1) whether the record sustains the proposition that there existed no genuine issue as to any material fact; and (2) whether a determination of plaintiff's status, regarding independent contractor as opposed to employee, could be made without first deciding upon the applicability of the Montana Workmen's Compensation Act.

Rule 56(c), M.R.Civ.P., relating to summary judgment, reads:

" * * * The judgment sought shall be rendered forthwith
if the pleadings, depositions, answers to interrogator-
ies, and admissions on file show that there is no genuine
issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law"

Plaintiff relies heavily on the fact that, almost a year prior to render-
ing judgment, the trial court issued a memorandum and pretrial decision in
which the court said:

"(1) That if Defendant employer did in fact have an
insurance policy for employees engaged in work under
the same or similar circumstance as that of the Plain-
tiff, then the question as to whether or not Plaintiff
was an employee or an independent contractor was one for
determination under and by the provisions of the Work-
men's Compensation Act of Montana.

"(2) The pleadings at this time are not sufficiently
definitive on this question to support any ruling prior
to trial."

Plaintiff contends that because of the judge's decision he could

not at a later date determine that there was no longer any genuine issue

concerning any material fact and make the determination of plaintiff's status

without reference to the Workmen's Compensation Act. Plaintiff's contention

simply has no merit. The court file clearly reflects that between the date

of filing of the memorandum and pretrial decision and the date of the final

order, a number of additional documents were filed, among which were the

following: (1) Request for admissions, filed by defendant, and a reply to

request for admissions; (2) The deposition of the plaintiff; and (3) Request

for admissions, filed by plaintiff, and answers to requests for admissions.

Clearly, it was with these additional documents that the court reached its

decision.

In essence, plaintiff asserts that whether plaintiff was an independ-

ent contractor or an employee cannot be decided prior to a determination of

the applicability of Workmen's Compensation. This is so, maintains the plain-

tiff, because the standards for the employer-employee relationship under

Workmen's Compensation are more liberal than under traditional common law

rules. While a person may be an independent contractor by stringent common

- 4 -

law standards, he may be an employee under the Workmen's Compensation Act, citing Grief v. Industrial Acc. Fund, 108 Mont. 519, 93 P.2d 961.

Plaintiff, however, ignores one simple fact. When it appears from the record that plaintiff was an independent contractor by any standards, there could no longer be a genuine issue as to any material fact. Plaintiff suggests that to permit this decision to stand, without a determination of whether the common law or Workmen's Compensation standard is applicable, would be to allow the judgment to be made without a "frame of reference". The frame of reference here is the plaintiff's own deposition, which does not suggest that the plaintiff was anything but an independent contractor.

The trial court's determination of the plaintiff's status is not as significant as the plaintiff would have this Court believe. If plaintiff was an independent contractor he had no basis for recovery under his complaint; if he was an employee he should have sought recovery under the Workmen's Compensation Act.

Plaintiff's original complaint was for negligence and for common law action against defendant due to the fact he was not covered by Workmen's Compensation. An amended complaint was filed a year later amending as to total damages. In defendant's answer the defendant raises as a defense the argument that if plaintiff is not an independent contractor, as alleged in the third defense, then if he were an employee, which defendant denies, the action was barred by section 92-203, R.C.M. 1947. Accepting the pleading at this stage, and trying to liberally construe the Workmen's Compensation Act, the trial court could have found that the only saving fact helpful to plaintiff Was the alleged reliance upon Mr. Ward's statement to plaintiff's wife that Capp Homes had no Workmen's Compensation coverage in Montana. If this reliance worked some sort of estoppel upon defendant, plaintiff might still obtain relief under his complaint. However, the alleged reliance as estoppel is, at best, fragile. The trial judge obviously did not believe that the reliance was sufficient and in absence of a showing of an abuse of discretion, his decision will not be overturned.

- 5 -

The trial judge was faced with a set of facts that could only produce one conclusion. Initially, the burden was on defendant to show an absence of any issue of material fact. When defendant met the burden, it was incumbent upon the plaintiff to present evidence to raise a genuine issue. As we recently said in Roope v. The Anaconda Company, 159 Mont. 28, 494 P.2d 922, 29 St.Rep. 170, 174:

> "The burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. Byrne v. Plante, 154 Mont. 6, 459 P.2d 266, and citations therein. But where, as here, the record discloses no genuine issue as to any material fact, the burden is upon the party opposing the motion to present evidence of a material and substantial nature raising a genuine issue of fact. Flansberg v. Mont. Power Co., 154 Mont. 53, 460 P.2d 263, and authorities cited therein." (Emphasis added.)

In State ex rel. Burlington Northern v. District Court, 159 Mont. 295, 496 P.2d 1152, 29 St.Rep. 380, we affirmed that rule:

> "Failure of the party opposing the motion to either raise or demonstrate the existence of a genuine issue of material fact, or to demonstrate that the legal issue should not be determined in favor of the movant, is evidence that the party's burden was not carried. Summary judgment is then proper, the court being under no duty to anticipate proof to establish a material and substantial issue of fact."

If, in fact, the plaintiff had evidence antithetical to the proposition that plaintiff was an independent contractor, as he contends, the record is void of such evidence. Allegations of "unorthodox and ad hoc business practices" of Capp Homes add no weight whatsoever to the plaintiff's case. The judge virtually had no other choice; the plaintiff failed to carry his burden of proof, although he was afforded every opportunity to do so. In Calkins v. Oxbow Ranch, Inc., 159 Mont. 120, 495 P.2d 1124, 29 St.Rep. 244, we said:

> "In discussing a motion for summary judgment in Gallatin Tr. & Sav. Bk. v. Henke, 154 Mont. 170, 172, 461 P.2d 448, this Court citing from Silloway v. Jorgenson, 146 Mont. 307, 406 P.2d 167, said:
>
> "'" * * * the party opposing motion [for summary judgment] must present facts in proper form -- conclusions of law will not suffice; and the opposing party's facts must be material and of a

- 6 -

Substantive nature, not fanciful, frivolous,
gauzy, nor merely suspicions."  6 Moore's
Federal Practice 2d, § 56.15[3], pp. 2346,
2347; Hager v. Tandy, 146 Mont. 531, 410 P.2d
447.'"

The decision of the trial judge granting defendant's motion for
summary judgment was proper.

Judgment is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justice

- 7 -