No. 12922

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

VIRGINIA MATHIE,

> Plaintiff and Appellant,

-vs-

THE MONTANA POWER COMPANY et al.,

> Defendants and Respondents.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

McKeon and Skakles, Anaconda, Montana
Gregory J. Skakles argued, Anaconda, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
Kendrick Smith argued, Butte, Montana

---

Submitted: May 5, 1975

Decided: JUN 12 1975

Filed: JUN 12 1975

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by plaintiff Virginia Mathie from an order of the district court, Park County, the Hon. Jack Shanstrom, judge presiding, granting summary judgment in a personal injury action to defendant Montana Power Company.

Plaintiff is the mother of one Ronnie Charles Harris who was fatally injured on June 21, 1973, while employed by the Brogan Sand and Gravel Company. The amended complaint alleged the death was caused by the negligence of defendant Montana Power Company and defendants A, B, and C, (never identified). Several allegations of negligence were alleged as to the Power Company:

(1) It negligently advised the owner of the Sand and Gravel Company as to the proper method of grounding and wiring the crusher, on which decedent was working on or at.

(2) It was negligent in supplying electricity to the crusher when it knew, or should have known, that the crusher was improperly wired and grounded and was dangerous to those who came in contact with it.

(3) That defendant Power Company failed to properly inspect the wiring, grounding and the electrical equipment of the Brogan Sand and Gravel Company and was negligent in supplying electricity without proper inspection of the electrical groundings, wirings and appliances.

(4) That if the Power Company did inspect the groundings, wiring and electrical appliances, it knew or should have known of the dangerous conditions presented to Ronnie Harris and it was therefore negligent in supplying electricity, in view of the defective condition of the grounding, wiring and appliances.

(5) That the Power Company's negligence was the proximate cause of the death of Harris.

The only testimony in the record is the deposition of

Welch Brogan, owner of the gravel pit, for whom Harris was working. Plaintiff took the deposition and plaintiff takes no issue with Brogan's testimony.

A reading of Brogan's testimony revealed that he had operated as a small gravel company at Corwin Springs, Montana, since 1952. He purchased the crusher involved in the accident in either 1956 or 1957 and at the time of purchase it was a diesel operated engine which he personally converted to electricity, with the help of his employees. Brogan did not know the exact date of conversion but an exhibit, a contract with the Montana Power Company to furnish electric service, was dated May 7, 1956. He testified that the last time defendant energized the line, brought about by a highway change causing certain poles to be changed, occurred in 1968 and at that time defendant put in a service pole on his property and he personally grounded the crusher. Further, that the Power Company men were "probably" there at the time of the grounding but that they had nothing to do with the grounding of the crusher nor did he ask them how to do it. He thought that defendant Power Company knew how the crusher was grounded, but that all the wiring on the crusher side of the power pole was his, and that he did all the work.

From the interrogatories propounded by both parties and the accident reports of defendant and the Montana Workmen's Compensation Division, the facts of the accident are found. On the day involved Ronnie Harris and a man named John Arabia were working in the gravel pit and operating the crusher. Harris was on the machine and Arabia was operating a front end loader with which he was loading gravel from the pit into a hopper on the end of the crusher. After filling the hopper Arabia could not see Harris on the crusher and thinking he had wandered away from the site, he got off the loader and went over to the crusher to engage a clutch

- 3 -

to start the machine. When he started up a ladder on the crusher he got a shock and called to have the power turned off. Shortly thereafter Harris was found lying in a small pool of water near the crusher. An autopsy revealed Harris had died of drowning and there were no signs of any electrical burns on his body.

On the basis of the heretofore related facts and pleadings, Judge Shanstrom granted summary judgment to defendant Power Company.

Plaintiff sets forth only one issue on appeal--Did the court err in granting summary judgment?

This Court has repeatedly upheld summary judgments where the record discloses no genuine issue as to any material fact, holding that the burden is on the opposing party to present evidence raising the facts of a material and substantial nature. State of Montana ex rel. City Motor Co., Inc. v. Dist. Court, ___ Mont. ___, 530 P.2d 486, 32 St.Rep. 34, 36; State ex rel. Burlington Northern, Inc. v. Dist. Ct., 159 Mont. 295, 496 P.2d 1152; DeWinter v. Capp Homes, Inc., 162 Mont. 19, 507 P.2d 1061.

We find that plaintiff had raised no factual issue at the time of the motion for summary judgment that was either material or of a substantial nature.

From examination of the record, consisting of the pleadings, answers to interrogatories, and depositions, we conclude the district court was correct in determining that defendant had borne its burden and shown there was no material dispute of fact.

Brogan's deposition negates each of the allegations of negligence on the part of defendant Power Company. His testimony clearly established the Power Company had nothing to do with the grounding or the wiring of the gravel pit or of the crusher; it was done by Brogan or some of his employees. There is absolutely

no evidence in the record that defendant, through its employees, gave advice to Brogan on his wiring or grounding of the crusher, nor was there evidence that the Power Company negligently supplied electricity without proper inspection by government officials.

If any of the equipment, motors, wires or grounds were not properly maintained that was Brogan's fault. During the entire business dealings Brogan had with defendant Power Company from 1956 to when he sold out sometime after the accident, all defendant Company/was did supply him electricity to the service pole adjacent to his property. Brogan took it from there and did all of his own installation and service work.

The allegations of the amended complaint standing alone do not raise a genuine issue of material fact precluding summary judgment. The cause of death given by the attending physician was drowning. The body showed no evidence of any electrical burns. It was an unexplainable industrial accident covered by the provisions of Montana's Workmen's Compensation Act.

The district court's order granting summary judgment is affirmed.

_____
                              Justice

We concur:

_____
  Chief Justice

_____

_____

_____
  Justices

- 5 -